**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
(CENTRAL DIVISION)**

| | |
|---|---|
| MICHAEL JOSEPH NELSON, ) | |
| individually and as parent and next friend ) | |
| of H.A.N., a minor child, and as parent and ) | Case No. 4:24-cv-426 |
| next friend of C.E.N., a minor child; and ) | |
| BRIDGET SIBOHN NELSON, ) | |
| individually and as parent and next friend ) | |
| of H.A.N., a minor child, and as parent and ) | |
| next friend of C.E.N., a minor child, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| BRANDON BJOIN, individually and in ) | |
| his official capacity as a law enforcement ) | |
| officer with the Dallas County Sheriff's ) | **COMPLAINT** |
| Office (Department); JALEN TOWNSELL, ) | **AND JURY DEMAND** |
| individually and in his official capacity as a ) | |
| law enforcement officer with the Dallas ) | |
| County Sheriff's Office (Department); ) | |
| TUCKER STANERSON, individually and ) | |
| in his official capacity as a law enforcement ) | |
| officer with the Dallas County Sheriff's ) | |
| Office (Department); ALEX ) | |
| WAGENKNECHT, individually and in his ) | |
| official capacity as a law enforcement ) | |
| officer with the De Soto Police Department; ) | |
| CHASE HUTCHESON, individually and ) | |
| in his official capacity as a law enforcement ) | |
| officer with the De Soto Police Department; ) | |
| DALLAS COUNTY, IOWA; and ) | |
| the CITY OF DE SOTO, IOWA, ) | |
| ) | |
| Defendants. ) | |

COMES NOW the Plaintiffs, Michael Joseph Nelson, in his individual capacity and as the father and next friend of his minor daughter, H.A.N., and as the father and next friend of his other minor daughter, C.E.N., and Bridget Sibohn Nelson, in her individual capacity and as the mother and next friend of her minor daughter, H.A.N., and as the mother and next friend of her other minor daughter, C.E.N., by and through their attorney, Justin K. Swaim of Swaim Law Firm, P.L.L.C., and for their causes of action against the above-named Defendants, Brandon Bjoin, Jalen Townsell, Tucker Stanerson, Alex Wagenknecht, Chase Hutcheson, Dallas County, Iowa, and the City of De Soto, Iowa, and in support of their Complaint and Jury Demand, respectfully state as follows:

## INTRODUCTION

1.      Plaintiff, Michael Joseph Nelson, a 100% service-related disabled veteran as a result of a spinal-related injury affecting his back and neck, and which causes him mobility issues, was suddenly grabbed, shoved, violently attacked and tackled to the ground, forcibly handcuffed, and brutally pulled and pushed by his arms behind his back by the Defendant law enforcement officers, or any one or combination of them at any one point in time, after Plaintiff was stopped and questioned in the parking lot of a Casey's convenience store.  The Defendant law enforcement officers, or any one or combination of them at any one point in time, used this brutal, excessive, and unreasonable force on Plaintiff without provocation.  Among the multiple acts committed by one or more of the Defendant law enforcement officers, alone and/or together in concert, was the ramming of Plaintiff's head into the side of his truck and/or into the ground when he was attacked and tackled, as well as the violent yanking of Plaintiff's arms and shoulders behind his back while restraining Plaintiff, and even the brutal pulling on Plaintiff's arms and shoulders while he was handcuffed after he was restrained.  Plaintiff suffered multiple

injuries at the hands of the Defendant law enforcement officers, including but not limited to the dislocation and fracture of Plaintiff's elbows resulting in five (5) surgeries on Plaintiff's left elbow and one (1) surgery on Plaintiff's right elbow, as well as a head injury with potential traumatic brain injury (TBI) and the triggering of Plaintiff's PTSD, anxiety, and/or depression.

### NATURE OF ACTION

2.      This is a civil action under 42 U.S.C. §1983, in which Plaintiff Michael Nelson seeks damages from Defendants Dallas County, Iowa, and Dallas County Sheriff's Deputies Brandon Bjoin, Jalen Townsell, and Tucker Stanerson, and the City of De Soto, Iowa, and City of De Soto Police Officers Alex Wagenknecht and Chase Hutcheson for depriving Plaintiff of his rights under the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiffs, Michael Nelson and Bridget Nelson, also seek damages from Defendants pursuant to Iowa state common law and the Iowa Municipal Tort Claims Act (IMTCA).  Plaintiff Michael Nelson also seeks attorney fees pursuant to 42 U.S.C. §1988.

3.      This is also a civil action for damages and injunctive relief caused by Defendants' violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 *et seq.*, and its implementing regulations, as amended by the ADA Amendments Act of 2008, Pub. L. No. 110-325, 122 Stat. 3553, and its implementing regulations, 28 C.F.R. Part 35 (the "ADA"), and specifically Title II of the ADA (42 U.S.C. §12132), as well as the Rehabilitation Act, 29 U.S.C. §701 *et seq.*, and its implementing regulations and any amendments thereto, and specifically Section 504 of the Rehabilitation Act (29 U.S.C. §794) when Defendants discriminated against Plaintiff Michael Nelson because of his disabilities and failed to accommodate Plaintiff's disabilities.  Plaintiff also seeks attorney fees, litigation expenses, and costs pursuant to 42 U.S.C. §12205.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1343.

5.      Venue is proper and appropriate in this Court pursuant to 28 U.S.C. §1391(b), since the Defendants are located, and all incidents giving rise to this suit occurred, in this judicial district, the Southern District of Iowa.

6.      Plaintiff invokes supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

## PARTIES

7.      Plaintiff Michael Nelson ("Plaintiff Michael Nelson", "Plaintiff Mike Nelson", "Plaintiff", "Michael", "Mike", or "Nelson") is a citizen of the United States of America and a resident of the State of Iowa, who, at all material times hereto, resided and continues to reside in Dallas County, Iowa.  At all times referred to herein, Plaintiff Michael Nelson was a qualified individual with a disability within the meaning of 42 U.S.C. §§12131, 12102.

8.      Plaintiff Bridget Nelson ("Plaintiff Bridget Nelson", "Bridget Nelson", or "Bridget") is a citizen of the United States of America and a resident of the State of Iowa, who, at all material times hereto, resided and continues to reside in Dallas County, Iowa.

9.      At all material times hereto, Plaintiffs, Michael Nelson and Bridget Nelson (sometimes referred to collectively as "Plaintiffs"), were and continue to be husband and wife, residing in Dallas County, Iowa.

10.     Plaintiffs, Michael Nelson and Bridget Nelson, have two minor daughters, H.A.N. and C.E.N., who also reside with them in Dallas County, Iowa.

11.    Defendant Brandon Bjoin ("Bjoin") is believed to be a United States citizen and a resident of the State of Iowa.  At all times referred to herein, Defendant Bjoin was an Iowa-certified peace officer, employed by Dallas County, Iowa.  All acts of Defendant Brandon Bjoin set forth in this Complaint were done under color of law.  Defendant Brandon Bjoin is sued in his individual capacity and in his official capacity as a law enforcement officer with the Dallas County Sheriff's Office (or Department), Dallas County, Iowa.

12.    Defendant Jalen Townsell ("Townsell") is believed to be a United States citizen and a resident of the State of Iowa.  At all times referred to herein, Defendant Townsell was an Iowa-certified peace officer, employed by Dallas County, Iowa.  All acts of Defendant Jalen Townsell set forth in this Complaint were done under color of law.  Defendant Jalen Townsell is sued in his individual capacity and in his official capacity as a law enforcement officer with the Dallas County Sheriff's Office (or Department), Dallas County, Iowa.

13.    Defendant Tucker Stanerson ("Stanerson") is believed to be a United States citizen and a resident of the State of Iowa.  At all times referred to herein, Defendant Stanerson was an Iowa-certified peace officer, employed by Dallas County, Iowa.  All acts of Defendant Tucker Stanerson set forth in this Complaint were done under color of law.  Defendant Tucker Stanerson is sued in his individual capacity and in his official capacity as a law enforcement officer with the Dallas County Sheriff's Office (or Department), Dallas County, Iowa.

14.    Defendant Alex Wagenknecht ("Wagenknecht") is believed to be a United States citizen and a resident of the State of Iowa.  At all times referred to herein, Defendant Wagenknecht was an Iowa-certified peace officer, employed by the City of De Soto, Iowa.  All acts of Defendant Alex Wagenknecht set forth in this Complaint were done under color of law.

Defendant Alex Wagenknecht is sued in his individual capacity and in his official capacity as a law enforcement officer with the City of De Soto, Iowa Police Department.

15.     Defendant Chase Hutcheson ("Hutcheson") is believed to be a United States citizen and a resident of the State of Iowa.  At all times referred to herein, Defendant Hutcheson was an Iowa-certified peace officer, employed by the City of De Soto, Iowa.  All acts of Defendant Chase Hutcheson set forth in this Complaint were done under color of law. Defendant Chase Hutcheson is sued in his individual capacity and in his official capacity as a law enforcement officer with the City of De Soto, Iowa Police Department.

16.     Defendant Dallas County, Iowa ("Dallas County" or "County") is an Iowa county with offices in Adel and Perry, Iowa.  Defendant Dallas County, Iowa is responsible for maintaining and operating the Dallas County, Iowa Sheriff's Office (or Department).  The Dallas County, Iowa Sheriff's Office (or Department) is located at 28985 Thin Blue Line Lane, Adel, Dallas County, Iowa.  Defendant Dallas County, Iowa is a public entity within the meaning of 42 U.S.C. §12131.

17.     Defendant City of De Soto, Iowa ("City of De Soto", "De Soto", or "City") is an Iowa municipal corporation, organized and existing pursuant to Iowa law and is located at 405 Walnut Street, De Soto, Dallas County, Iowa.  Defendant City of De Soto, Iowa is responsible for maintaining and operating the De Soto, Iowa Police Department.  Defendant City of De Soto, Iowa is a public entity within the meaning of 42 U.S.C. §12131.

18.     The Defendant law enforcement officers Bjoin, Townsell, Stanerson, Wagenknecht, and Hutcheson acted individually and together in concert.

19.     At all times referred to herein, the individual Defendants Bjoin, Townsell, and

Stanerson, were acting within the scope of their employment or duties as law enforcement

officers for the Dallas County, Iowa Sheriff's Office (or Department).

20.     At all times referred to herein, the individual Defendants Wagenknecht, and

Hutcheson, were acting within the scope of their employment or duties as law enforcement

officers for the City of De Soto, Iowa Police Department.

## FACTS

21.     On the evening of December 10, 2022, Plaintiff Michael Nelson had pulled in and

parked his truck in the Casey's parking lot in Van Meter, Iowa.

22.     As Plaintiff Michael Nelson was sitting in his truck in the Casey's parking lot,

Defendant Brandon Bjoin pulled into the Casey's parking lot and parked behind Plaintiff's truck.

23.     Defendant Bjoin got out of his vehicle and approached the driver's side of

Plaintiff Michael Nelson's truck.

24.     Plaintiff Michael Nelson's truck had a handicap license plate on it, which

Defendant Bjoin would have seen when approaching Plaintiff's truck.

25.     Upon Defendant Bjoin walking up to Plaintiff Michael Nelson's driver's side

door, Plaintiff rolled down the window of his truck.

26.     Defendant Bjoin, then, started asking Plaintiff Michael Nelson questions.

27.     Defendant Bjoin asked Plaintiff Michael Nelson for his driver's license,

registration, and insurance.

28.     Plaintiff began searching for these items.

29.     At some point, Defendant Bjoin told Plaintiff Michael Nelson that Bjoin was

wanting to investigate because he thought Plaintiff was intoxicated.

30.     While Plaintiff Michael Nelson was being questioned by Defendant Bjoin, Defendants Wagenknecht and Hutcheson arrived and approached Plaintiffs' truck.

31.     Defendants Wagenknecht and Hutcheson, like Defendant Bjoin, would have seen Plaintiff Michael Nelson's handicap license plate on the back of Plaintiff's truck.

32.     Plaintiff Michael Nelson found and provided Defendant Bjoin with his driver's license and registration.

33.     Plaintiff Michael Nelson continued searching for his insurance information.

34.     In searching for his insurance information, Plaintiff Michael Nelson got out of his truck to try to look for that insurance information in his driver's side door.

35.     As Plaintiff Michael Nelson was outside of his truck, and continuing to look for his insurance information, Plaintiff noticed additional law enforcement officers, including Defendants Townsell and Stanerson, who had arrived in the Casey's parking lot.

36.     Defendants Townsell and Stanerson, like Defendants Bjoin, Wagenknecht and Hutcheson, would have seen Plaintiff Michael Nelson's handicap license plate on the back of Plaintiff's truck.

37.     Plaintiff Michael Nelson, who is a United States military veteran and who had been a med evac, became very anxious and nervous, as he did not understand the reason all of these law enforcement officers were descending upon him and surrounding him.

38.     After Plaintiff Michael Nelson briefly asked about the number of officers there on the scene and told Defendants Bjoin, Wagenknecht, and Hutcheson that he did not need all of the officers surrounding him, Defendant Bjoin forcibly grabbed Plaintiff's arm.

39.     Then, Defendant Bjoin, along with Defendants Wagenknecht and Hutcheson, suddenly shoved Plaintiff Michael Nelson into his truck.

40.     Defendants Bjoin, Wagenknecht, and Hutcheson forcibly and violently pulled Plaintiff Michael Nelson's arms behind his back, and then brutally tackled Plaintiff and forced him to the ground.

41.     As a part of this, Plaintiff Michael Nelson's head was rammed into the side of his truck and/or into the ground, which gashed his head open.

42.     Defendants Townsell and Stanerson joined the other Defendant law enforcement officers, Defendants Bjoin, Wagenknecht, and Hutcheson, in forcibly and violently detaining and restraining Plaintiff Michael Nelson.

43.     Plaintiff Michael Nelson's arms and shoulders were violently yanked behind his back by the Defendant law enforcement officers before, during, and/or after Plaintiff was brutally tackled and forced to the ground.

44.     During this attack, Plaintiff was yelling and screaming that he was a veteran, a med evac veteran, and asking the Defendant law enforcement officers, over and over again, to please not hurt him.

45.     Even after Plaintiff Michael Nelson was on the ground and restrained, Defendants Bjoin, Townsell, Stanerson, Wagenknecht, and/or Hutcheson, and/or any one or more of them acting alone or together in concert, continued pulling on Plaintiff's arms and shoulders in forcibly picking Plaintiff up, in forcibly standing Plaintiff up, in forcibly leading/walking Plaintiff, and in forcibly sitting Plaintiff down in a law enforcement vehicle and on the curb/ground.

46.     Plaintiff Michael Nelson kept telling the Defendant law enforcement officers that they were hurting him, and he kept asking the Defendant law enforcement officers not to hurt him.

47.    But, the Defendant law enforcement officers, Defendants Bjoin, Townsell, Stanerson, Wagenknecht, and/or Hutcheson, and/or any one or more of them acting alone or together in concert, continued to use Plaintiff Michael Nelson's arms to forcibly stand him up, forcibly lead/walk him, and forcibly sit him down.

48.    And, the Defendant law enforcement officers, Defendants Bjoin, Townsell, Stanerson, Wagenknecht, and/or Hutcheson, and/or any one or more of them acting alone or together in concert, would get angry with Plaintiff Michael Nelson and violently pull on his arms and shoulders when Plaintiff's legs would give out while the Defendant officers were forcibly standing Plaintiff back up to his feet and then forcibly leading/walking him.

49.    The Defendant law enforcement officers, Defendants Bjoin, Townsell, Stanerson, Wagenknecht, and/or Hutcheson, and/or any one or more of them acting alone or together in concert, also forcibly put their knees in Plaintiff Michael Nelson's back and against Plaintiff's arms behind his back after the Defendant officers had sat Plaintiff down on the curb/ground.

50.    As a result of this encounter with the Defendant law enforcement officers—and the multiple acts committed by one or more of the Defendant law enforcement officers, alone and/or together in concert, including the ramming of Plaintiff Michael Nelson's head into the side of his truck and/or into the ground when he was attacked and tackled, as well as the violent yanking of Plaintiff's arms and shoulders behind his back while restraining Plaintiff, and even the brutal pulling on Plaintiff's arms and shoulders while he was handcuffed after he was restrained—Plaintiff suffered multiple injuries and trauma to his elbows, arms, shoulders, head, neck, and back.  These injuries include, but are not limited to, the dislocation and fracture of Plaintiff's elbows resulting in five (5) surgeries on Plaintiff's left elbow and one (1) surgery on

Plaintiff's right elbow, as well as a head injury with potential traumatic brain injury (TBI) and the triggering of Plaintiff's PTSD, anxiety, and/or depression.

51.     Pursuant to the Americans with Disabilities Act ("ADA") and the Rehabilitation Act, Plaintiff Michael Nelson suffers from a disability.

52.     More specifically, Plaintiff Michael Nelson is a 100% service-related disabled veteran as a result of a spinal-related injury affecting his back and neck, and which causes him mobility issues.  In addition, Plaintiff suffers from PTSD, anxiety, and/or depression.

53.     These conditions constitute disabilities pursuant to the ADA and the Rehabilitation Act.

54.     Plaintiff Michael Nelson's truck had a handicap license plate on it at the time of this incident and encounter with the Defendant law enforcement officers.

55.     At no point during the entire encounter (including the initial approach, the questioning and investigation, the attack, the restraint, and the subsequent detainment and arrest), did any of the Defendant law enforcement officers ask Plaintiff Michael Nelson about his disability or even what his disability was.

56.     None of the Defendant law enforcement officers provided Plaintiff Michael Nelson with any accommodation(s) for his disability(ies).

57.     There were a number of alternative reasonable courses of conduct/action and reasonable accommodations available to the Defendant law enforcement officers that could have been taken and made.

58.     These alternative reasonable courses of conduct/action include, but are not limited to, asking Plaintiff Michael Nelson what his handicap and disability(ies) are, engaging in an interactive process with Plaintiff to determine how to handle the situation/encounter in light of

Plaintiff's handicap and disability(ies), taking steps to de-escalate, rather than escalate, the situation/encounter (especially given Plaintiff's disability(ies)), and using non-use-of-force alternatives and/or less aggressive, forceful, and violent use-of-force methods and/or techniques, rather than the excessive and unreasonable use of force used against Plaintiff.

59.     But, the Defendant law enforcement officers did not take other alternative reasonable courses of conduct/action.  Nor did the Defendant law enforcement officers even offer, let alone provide any reasonable accommodations to Plaintiff Michael Nelson.

60.     Instead, the Defendant law enforcement officers and/or one or more of the Defendant law enforcement officers acting alone and/or together in concert used the excessive and unreasonable use of force against Plaintiff Michael Nelson as previously described.

61.     Plaintiff Michael Nelson was excluded from participation in and/or denied the benefits of the services, programs, or activities of the Dallas County Sheriff's Office (Department), Dallas County, Iowa, the City of De Soto Police Department, and the City of De Soto, Iowa, and/or was subjected to discrimination by the Dallas County Sheriff's Office (Department), Dallas County, Iowa, the City of De Soto Police Department, and the City of De Soto, Iowa.

62.     From the scene of the encounter and incident, the Defendant law enforcement officers and/or one or more of the Defendant law enforcement officers acting alone and/or together in concert transported Plaintiff Michael Nelson to the Dallas County Hospital.

63.     At the Dallas County Hospital, Plaintiff Michael Nelson received treatment for his injuries from this brutal attack by the Defendant law enforcement officers and/or one or more of the Defendant law enforcement officers acting alone and/or together in concert.

64.     After x-rays were taken and initial treatment provided by healthcare providers at the Dallas County Hospital, Plaintiff Michael Nelson was released from police custody and transferred to UnityPoint/Iowa Methodist Medical Center in Des Moines, Iowa, for further evaluation and treatment.

65.     Plaintiff Michael Nelson was subsequently charged by the Defendant law enforcement officers and/or any one or more of them acting alone or together in concert with multiple criminal charges.

66.     Plaintiff Michael Nelson was originally charged on December 11, 2022, with three offenses: (1) Assault on Persons in Certain Occupations (De Soto Police Officer Alex Wagenknecht), a serious misdemeanor; (2) Interference with Official Acts – Bodily Injury (De Soto Police Officer Alex Wagenknecht), a serious misdemeanor; and (3) Assault on Persons in Certain Occupations (Dallas County Sheriff's Deputy Brandon Bjoin), a serious misdemeanor.

67.     On December 21, 2022, just ten (10) days later, all three of these charges were dropped, i.e., dismissed by the State and the Court.

68.     Approximately a month later, on January 20, 2023, Plaintiff Michael Nelson was charged with: (1) Operating While Under the Influence (1st Offense), a serious misdemeanor; and (2) Interference with Official Acts, a simple misdemeanor.

69.     Although Plaintiff Michael Nelson admitted he was intoxicated at the time, he was innocent of and always maintained his innocence of the interference with official acts charge and would not plead guilty to that charge.

70.     Accordingly, Plaintiff Michael Nelson pled guilty to the Operating a Motor Vehicle While Intoxicated (OWI), First Offense charge, but the Interference with Official Acts charge was dropped/dismissed.

71.    As a result of this encounter with the Defendant law enforcement officers—and the multiple acts committed by one or more of the Defendant law enforcement officers, alone and/or together in concert, including the ramming of Plaintiff Michael Nelson's head into the side of his truck and/or into the ground when he was attacked and tackled, as well as the violent yanking of Plaintiff's arms and shoulders behind his back while restraining Plaintiff, and even the brutal pulling on Plaintiff's arms and shoulders while he was handcuffed after he was restrained—Plaintiff Michael Nelson sustained severe, debilitating, and permanent physical injuries to, among other areas, his elbows and arms.

72.    Plaintiff Michael Nelson also struck his head and had injuries to his neck and back, resulting in a potential head injury/traumatic brain injury (TBI).

73.    In addition, Plaintiff Michael Nelson's PTSD, anxiety, and/or depression was triggered.

74.    As a result of these injuries, Plaintiff Michael Nelson was out of work, as a nurse at the Veteran's Administration (VA) in Des Moines, for a significant period of time.

75.    As a result of these injuries, Plaintiff Michael Nelson received in-home care from his wife, Plaintiff Bridget Nelson, who is also a nurse at the Veteran's Administration (VA) in Des Moines.

76.    Plaintiffs Michael Nelson and Bridget Nelson lost wages as a result of the injuries Plaintiff Michael Nelson sustained and the treatment of those injuries.

77.    Plaintiff Michael Nelson continues to suffer pain and physical limitations from his injuries.

78.    The pain from Plaintiff Michael Nelson's physical injuries has disrupted and continued to disrupt his ability to work and sleep.

79. Plaintiff Michael Nelson suffers from chronic pain in his arms, elbows, and shoulders, and the inability to use his left arm to do hardly anything at all.

80. This has substantially limited Plaintiff's ability to work, sleep, and go about performing his activities of daily living.

81. Plaintiff Michael Nelson has been told by his doctor that, although he has already had five (5) surgeries on his left arm/elbow and one (1) surgery on his right arm/elbow, he will probably need an additional surgery or two on his left arm/elbow.

82. But, Plaintiff Michael Nelson has been told by another healthcare provider that, given his myeloma condition, he may not be able to have those additional surgeries to his arm/elbow.

83. Plaintiff Michael Nelson's physical injuries have resulted in long lasting, temporary, and permanent loss of function and pain and suffering.

84. Plaintiff Michael Nelson sustained and continues to sustain mental and emotional injuries as a result of this encounter and attack.

85. This encounter and Plaintiff Michael Nelson's resulting injuries contributed to him losing his job as a nurse at the Veteran's Administration (VA) in Des Moines, and has limited his ability to perform work at the same level since this encounter.

86. All of Plaintiff Michael Nelson's injuries, physical, mental, and emotional, have affected and continue to affect him in many aspects of his daily life.

87. As a result of the injuries sustained by Plaintiff Michael Nelson, Plaintiff Bridget Nelson has been injured, both in the past and into the future, due to a loss of the fellowship of her husband and her rights to the benefits of his company, cooperation, affection, aid in every marital

relationship, and general usefulness, industry and attention within the home and family. This gives rise to her loss of spousal consortium claim.

88.    As a result of the injuries sustained by Plaintiff Michael Nelson, Michael Nelson and Bridget Nelson, as parents and next best friends of their minor daughter, H.A.N., are bringing a loss of parental consortium claim on H.A.N.'s behalf for her loss, both in the past and into the future, of her relationship with her father and her right to the benefits of his companionship, comfort, guidance, affection, aid in every parental relation, and general usefulness, industry and attention within the family. This gives rise to H.A.N.'s loss of parental consortium claim.

89.    As a result of the injuries sustained by Plaintiff Michael Nelson, Michael Nelson and Bridget Nelson, as parents and next best friends of their minor daughter, C.E.N., are bringing a loss of parental consortium claim on C.E.N.'s behalf for her loss, both in the past and into the future, of her relationship with her father and her right to the benefits of his companionship, comfort, guidance, affection, aid in every parental relation, and general usefulness, industry and attention within the family. This gives rise to C.E.N.'s loss of parental consortium claim.

## CAUSES OF ACTION

## COUNT I

## UNREASONABLE SEIZURE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION COGNIZABLE PURSUANT TO 42 U.S.C. §1983 AGAINST DEFENDANT BJOIN

COMES NOW Plaintiff Michael Nelson, and for Count I of his cause of action against Defendant Bjoin, states as follows:

90.    Plaintiff repleads, repeats, and realleges, as if fully set forth herein, each and every allegation in paragraphs 1 through 89, and incorporates the same by this reference.

91.     Defendant Bjoin acting alone and/or acting together and/or in concert with one or more of the other Defendant law enforcement officers and/or any combination of said Defendant law enforcement officers, at any given time, violated Plaintiff Michael Nelson's rights under the Fourth and Fourteenth Amendments to the United States Constitution when he unreasonably seized Plaintiff by forcibly grabbing and restraining Plaintiff, forcibly and violently pulling Plaintiff's arms behind his back, pushing Plaintiff into his truck, tackling Plaintiff down onto the ground, ramming Plaintiff's head into the side of his truck and/or into the ground, violently yanking Plaintiff's arms and shoulders behind his back while restraining Plaintiff, and/or brutally pulling on Plaintiff's arms and shoulders while he was handcuffed after he was restrained, and/or otherwise using excessive and unreasonable force against Plaintiff.

92.     Plaintiff Michael Nelson presented no threat to Defendant Bjoin, or to anyone else, that justified the excessive and unreasonable level of force deployed by Defendant Bjoin.

93.     Defendant Bjoin deprived Plaintiff Michael Nelson of his rights, privileges, and/or immunities under the United States Constitution, specifically including his rights under the Fourth and Fourteenth Amendments to the United States Constitution.

94.     Defendant Bjoin was acting under color of law.

95.     The use of force and/or the amount of force used by Defendant Bjoin against Plaintiff Michael Nelson was excessive because it was not reasonably necessary.

96.     As a direct and proximate result of the conduct and actions of Defendant Bjoin, Plaintiff Michael Nelson suffered physical injuries, many or most of which continue to affect Plaintiff.

97.     As a direct and proximate result of the conduct and actions of Defendant Bjoin, Plaintiff Michael Nelson suffered emotional distress and mental suffering at having been

grabbed, pushed, attacked, tackled, yanked, battered, and beaten, which continues to affect Plaintiff.

98.    As a direct and proximate result of the conduct and actions of Defendant Bjoin, Plaintiff Michael Nelson has suffered the loss of his ability to work and earn an income at his pre-event level.

99.    As a direct and proximate result of the conduct and actions of Defendant Bjoin, Plaintiff Michael Nelson has lost income and incurred medical and other healthcare expenses (including in-home care provided by his wife, Plaintiff Bridget Nelson, for which she missed work) and attorney fees.

100.    As a direct and proximate result of the conduct and actions of Defendant Bjoin, Plaintiff Michael Nelson has suffered any and/or all additional injuries set out in further detail above in this Complaint.

101.    The acts of Defendant Bjoin were intentional, wanton, malicious, oppressive, reckless, and/or deliberately and/or callously indifferent to the rights of Plaintiff Michael Nelson, thus entitling Plaintiff to an award of punitive damages against Defendant Bjoin.

102.    If Plaintiff prevails, he is entitled to recover attorney's fees and costs pursuant to 42 U.S.C. §1988.

103.    As a direct and proximate result of Defendant Bjoin's unjustified conduct as referred to herein, Plaintiff Michael Nelson is believed to have suffered in the past and will in the future suffer and incur the following damages:

     a.  Deprivation of his constitutional rights;

     b.  Humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress;

 c. Consequential damages;

 d. Actual and Compensatory Damages including, but not limited to, past, present and future pain and suffering, loss of function of mind and/or body, loss of earnings and/or earning capacity, and medical and other healthcare expenses; and

 e. Other damages as allowed by law.

104. Based on all the foregoing, the Plaintiff has suffered a plausible, and more than plausible, an actual violation of the rights, privileges, and immunities secured by the law the Defendant violated in this Count.  And, the law that Defendant violated, as particularly described above, was clearly established at the time of the violation alleged in this Count.

WHEREFORE, Plaintiff Michael Nelson prays for judgment against Defendant Bjoin, jointly and severally with Defendants Townsell, Stanerson, Wagenknecht, and Hutcheson, and/or any one or more of them, for actual damages in an amount that is fair and just, for punitive damages and for attorney's fees, together with his costs, and for such further relief that this Honorable Court deems just and proper under the circumstances.

## COUNT II

### UNREASONABLE SEIZURE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION COGNIZABLE PURSUANT TO 42 U.S.C. §1983 AGAINST DEFENDANT TOWNSELL

COMES NOW Plaintiff Michael Nelson, and for Count II of his cause of action against Defendant Townsell, states as follows:

105. Plaintiff repleads, repeats, and realleges, as if fully set forth herein, each and every allegation in paragraphs 1 through 104, and incorporates the same by this reference.

106. Defendant Townsell acting alone and/or acting together and/or in concert with one or more of the other Defendant law enforcement officers and/or any combination of said

19

Defendant law enforcement officers, at any given time, violated Plaintiff Michael Nelson's rights under the Fourth and Fourteenth Amendments to the United States Constitution when he unreasonably seized Plaintiff by forcibly grabbing and restraining Plaintiff, forcibly and violently pulling Plaintiff's arms behind his back, pushing Plaintiff into his truck, tackling Plaintiff down onto the ground, ramming Plaintiff's head into the side of his truck and/or into the ground, violently yanking Plaintiff's arms and shoulders behind his back while restraining Plaintiff, and/or brutally pulling on Plaintiff's arms and shoulders while he was handcuffed after he was restrained, and/or otherwise using excessive and unreasonable force against Plaintiff.

107.    Plaintiff Michael Nelson presented no threat to Defendant Townsell, or to anyone else, that justified the excessive and unreasonable level of force deployed by Defendant Townsell.

108.    Defendant Townsell deprived Plaintiff Michael Nelson of his rights, privileges, and/or immunities under the United States Constitution, specifically including his rights under the Fourth and Fourteenth Amendments to the United States Constitution.

109.    Defendant Townsell was acting under color of law.

110.    The use of force and/or the amount of force used by Defendant Townsell against Plaintiff Michael Nelson was excessive because it was not reasonably necessary.

111.    As a direct and proximate result of the conduct and actions of Defendant Townsell, Plaintiff Michael Nelson suffered physical injuries, many or most of which continue to affect Plaintiff.

112.    As a direct and proximate result of the conduct and actions of Defendant Townsell, Plaintiff Michael Nelson suffered emotional distress and mental suffering at having

been grabbed, pushed, attacked, tackled, yanked, battered, and beaten, which continues to affect Plaintiff.

113.    As a direct and proximate result of the conduct and actions of Defendant Townsell, Plaintiff Michael Nelson has suffered the loss of his ability to work and earn an income at his pre-event level.

114.    As a direct and proximate result of the conduct and actions of Defendant Townsell, Plaintiff Michael Nelson has lost income and incurred medical and other healthcare expenses (including in-home care provided by his wife, Plaintiff Bridget Nelson, for which she missed work) and attorney fees.

115.    As a direct and proximate result of the conduct and actions of Defendant Townsell, Plaintiff Michael Nelson has suffered any and/or all additional injuries set out in further detail above in this Complaint.

116.    The acts of Defendant Townsell were intentional, wanton, malicious, oppressive, reckless, and/or deliberately and/or callously indifferent to the rights of Plaintiff Michael Nelson, thus entitling Plaintiff to an award of punitive damages against Defendant Townsell.

117.    If Plaintiff prevails, he is entitled to recover attorney's fees and costs pursuant to 42 U.S.C. §1988.

118.    As a direct and proximate result of Defendant Townsell's unjustified conduct as referred to herein, Plaintiff Michael Nelson is believed to have suffered in the past and will in the future suffer and incur the following damages:

     a.  Deprivation of his constitutional rights;

     b.  Humiliation, degradation, public ridicule, loss of personal reputation, and
        emotional distress;

   c.  Consequential damages;

   d.  Actual and Compensatory Damages including, but not limited to, past, present and

       future pain and suffering, loss of function of mind and/or body, loss of earnings

       and/or earning capacity, and medical and other healthcare expenses; and

   e.  Other damages as allowed by law.

119.    Based on all the foregoing, the Plaintiff has suffered a plausible, and more than

plausible, an actual violation of the rights, privileges, and immunities secured by the law the

Defendant violated in this Count.  And, the law that Defendant violated, as particularly described

above, was clearly established at the time of the violation alleged in this Count.

       WHEREFORE, Plaintiff Michael Nelson prays for judgment against Defendant

Townsell, jointly and severally with Defendants Bjoin, Stanerson, Wagenknecht, and Hutcheson,

and/or any one or more of them, for actual damages in an amount that is fair and just, for

punitive damages and for attorney's fees, together with his costs, and for such further relief that

this Honorable Court deems just and proper under the circumstances.

## COUNT III

## UNREASONABLE SEIZURE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION COGNIZABLE PURSUANT TO 42 U.S.C. §1983 AGAINST DEFENDANT STANERSON

       COMES NOW Plaintiff Michael Nelson, and for Count III of his cause of action against

Defendant Stanerson, states as follows:

120.    Plaintiff repleads, repeats, and realleges, as if fully set forth herein, each and

every allegation in paragraphs 1 through 119, and incorporates the same by this reference.

121.    Defendant Stanerson acting alone and/or acting together and/or in concert with

one or more of the other Defendant law enforcement officers and/or any combination of said

Defendant law enforcement officers, at any given time, violated Plaintiff Michael Nelson's rights under the Fourth and Fourteenth Amendments to the United States Constitution when he unreasonably seized Plaintiff by forcibly grabbing and restraining Plaintiff, forcibly and violently pulling Plaintiff's arms behind his back, pushing Plaintiff into his truck, tackling Plaintiff down onto the ground, ramming Plaintiff's head into the side of his truck and/or into the ground, violently yanking Plaintiff's arms and shoulders behind his back while restraining Plaintiff, and/or brutally pulling on Plaintiff's arms and shoulders while he was handcuffed after he was restrained, and/or otherwise using excessive and unreasonable force against Plaintiff.

122.    Plaintiff Michael Nelson presented no threat to Defendant Stanerson, or to anyone else, that justified the excessive and unreasonable level of force deployed by Defendant Stanerson.

123.    Defendant Stanerson deprived Plaintiff Michael Nelson of his rights, privileges, and/or immunities under the United States Constitution, specifically including his rights under the Fourth and Fourteenth Amendments to the United States Constitution.

124.    Defendant Stanerson was acting under color of law.

125.    The use of force and/or the amount of force used by Defendant Stanerson against Plaintiff Michael Nelson was excessive because it was not reasonably necessary.

126.    As a direct and proximate result of the conduct and actions of Defendant Stanerson, Plaintiff Michael Nelson suffered physical injuries, many or most of which continue to affect Plaintiff.

127.    As a direct and proximate result of the conduct and actions of Defendant Stanerson, Plaintiff Michael Nelson suffered emotional distress and mental suffering at having

been grabbed, pushed, attacked, tackled, yanked, battered, and beaten, which continues to affect Plaintiff.

128.    As a direct and proximate result of the conduct and actions of Defendant Stanerson, Plaintiff Michael Nelson has suffered the loss of his ability to work and earn an income at his pre-event level.

129.    As a direct and proximate result of the conduct and actions of Defendant Stanerson, Plaintiff Michael Nelson has lost income and incurred medical and other healthcare expenses (including in-home care provided by his wife, Plaintiff Bridget Nelson, for which she missed work) and attorney fees.

130.    As a direct and proximate result of the conduct and actions of Defendant Stanerson, Plaintiff Michael Nelson has suffered any and/or all additional injuries set out in further detail above in this Complaint.

131.    The acts of Defendant Stanerson were intentional, wanton, malicious, oppressive, reckless, and/or deliberately and/or callously indifferent to the rights of Plaintiff Michael Nelson, thus entitling Plaintiff to an award of punitive damages against Defendant Stanerson.

132.    If Plaintiff prevails, he is entitled to recover attorney's fees and costs pursuant to 42 U.S.C. §1988.

133.    As a direct and proximate result of Defendant Stanerson's unjustified conduct as referred to herein, Plaintiff Michael Nelson is believed to have suffered in the past and will in the future suffer and incur the following damages:

   a.  Deprivation of his constitutional rights;

   b.  Humiliation, degradation, public ridicule, loss of personal reputation, and
       emotional distress;

  c. Consequential damages;

  d. Actual and Compensatory Damages including, but not limited to, past, present and future pain and suffering, loss of function of mind and/or body, loss of earnings and/or earning capacity, and medical and other healthcare expenses; and

  e. Other damages as allowed by law.

134. Based on all the foregoing, the Plaintiff has suffered a plausible, and more than plausible, an actual violation of the rights, privileges, and immunities secured by the law the Defendant violated in this Count. And, the law that Defendant violated, as particularly described above, was clearly established at the time of the violation alleged in this Count.

WHEREFORE, Plaintiff Michael Nelson prays for judgment against Defendant Stanerson, jointly and severally with Defendants Bjoin, Townsell, Wagenknecht, and Hutcheson, and/or any one or more of them, for actual damages in an amount that is fair and just, for punitive damages and for attorney's fees, together with his costs, and for such further relief that this Honorable Court deems just and proper under the circumstances.

## COUNT IV

## UNREASONABLE SEIZURE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION COGNIZABLE PURSUANT TO 42 U.S.C. §1983 AGAINST DEFENDANT WAGENKNECHT

COMES NOW Plaintiff Michael Nelson, and for Count IV of his cause of action against Defendant Wagenknecht, states as follows:

135. Plaintiff repleads, repeats, and realleges, as if fully set forth herein, each and every allegation in paragraphs 1 through 134, and incorporates the same by this reference.

136. Defendant Wagenknecht acting alone and/or acting together and/or in concert with one or more of the other Defendant law enforcement officers and/or any combination of

said Defendant law enforcement officers, at any given time, violated Plaintiff Michael Nelson's rights under the Fourth and Fourteenth Amendments to the United States Constitution when he unreasonably seized Plaintiff by forcibly grabbing and restraining Plaintiff, forcibly and violently pulling Plaintiff's arms behind his back, pushing Plaintiff into his truck, tackling Plaintiff down onto the ground, ramming Plaintiff's head into the side of his truck and/or into the ground, violently yanking Plaintiff's arms and shoulders behind his back while restraining Plaintiff, and/or brutally pulling on Plaintiff's arms and shoulders while he was handcuffed after he was restrained, and/or otherwise using excessive and unreasonable force against Plaintiff.

137.    Plaintiff Michael Nelson presented no threat to Defendant Wagenknecht, or to anyone else, that justified the excessive and unreasonable level of force deployed by Defendant Wagenknecht.

138.    Defendant Wagenknecht deprived Plaintiff Michael Nelson of his rights, privileges, and/or immunities under the United States Constitution, specifically including his rights under the Fourth and Fourteenth Amendments to the United States Constitution.

139.    Defendant Wagenknecht was acting under color of law.

140.    The use of force and/or the amount of force used by Defendant Wagenknecht against Plaintiff Michael Nelson was excessive because it was not reasonably necessary.

141.    As a direct and proximate result of the conduct and actions of Defendant Wagenknecht, Plaintiff Michael Nelson suffered physical injuries, many or most of which continue to affect Plaintiff.

142.    As a direct and proximate result of the conduct and actions of Defendant Wagenknecht, Plaintiff Michael Nelson suffered emotional distress and mental suffering at

having been grabbed, pushed, attacked, tackled, yanked, battered, and beaten, which continues to affect Plaintiff.

143.     As a direct and proximate result of the conduct and actions of Defendant Wagenknecht, Plaintiff Michael Nelson has suffered the loss of his ability to work and earn an income at his pre-event level.

144.     As a direct and proximate result of the conduct and actions of Defendant Wagenknecht, Plaintiff Michael Nelson has lost income and incurred medical and other healthcare expenses (including in-home care provided by his wife, Plaintiff Bridget Nelson, for which she missed work) and attorney fees.

145.     As a direct and proximate result of the conduct and actions of Defendant Wagenknecht, Plaintiff Michael Nelson has suffered any and/or all additional injuries set out in further detail above in this Complaint.

146.     The acts of Defendant Wagenknecht were intentional, wanton, malicious, oppressive, reckless, and/or deliberately and/or callously indifferent to the rights of Plaintiff Michael Nelson, thus entitling Plaintiff to an award of punitive damages against Defendant Wagenknecht.

147.     If Plaintiff prevails, he is entitled to recover attorney's fees and costs pursuant to 42 U.S.C. §1988.

148.     As a direct and proximate result of Defendant Wagenknecht's unjustified conduct as referred to herein, Plaintiff Michael Nelson is believed to have suffered in the past and will in the future suffer and incur the following damages:

     a.  Deprivation of his constitutional rights;

    b.  Humiliation, degradation, public ridicule, loss of personal reputation, and

        emotional distress;

    c.  Consequential damages;

    d.  Actual and Compensatory Damages including, but not limited to, past, present and

        future pain and suffering, loss of function of mind and/or body, loss of earnings

        and/or earning capacity, and medical and other healthcare expenses; and

    e.  Other damages as allowed by law.

149.    Based on all the foregoing, the Plaintiff has suffered a plausible, and more than plausible, an actual violation of the rights, privileges, and immunities secured by the law the Defendant violated in this Count.  And, the law that Defendant violated, as particularly described above, was clearly established at the time of the violation alleged in this Count.

WHEREFORE, Plaintiff Michael Nelson prays for judgment against Defendant Wagenknecht, jointly and severally with Defendants Bjoin, Townsell, Stanerson, and Hutcheson, and/or any one or more of them, for actual damages in an amount that is fair and just, for punitive damages and for attorney's fees, together with his costs, and for such further relief that this Honorable Court deems just and proper under the circumstances.

## <u>COUNT V</u>

### <u>UNREASONABLE SEIZURE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION COGNIZABLE PURSUANT TO 42 U.S.C. §1983 AGAINST DEFENDANT HUTCHESON</u>

COMES NOW Plaintiff Michael Nelson, and for Count V of his cause of action against Defendant Hutcheson, states as follows:

150.    Plaintiff repleads, repeats, and realleges, as if fully set forth herein, each and every allegation in paragraphs 1 through 149, and incorporates the same by this reference.

151.    Defendant Hutcheson acting alone and/or acting together and/or in concert with one or more of the other Defendant law enforcement officers and/or any combination of said Defendant law enforcement officers, at any given time, violated Plaintiff Michael Nelson's rights under the Fourth and Fourteenth Amendments to the United States Constitution when he unreasonably seized Plaintiff by forcibly grabbing and restraining Plaintiff, forcibly and violently pulling Plaintiff's arms behind his back, pushing Plaintiff into his truck, tackling Plaintiff down onto the ground, ramming Plaintiff's head into the side of his truck and/or into the ground, violently yanking Plaintiff's arms and shoulders behind his back while restraining Plaintiff, and/or brutally pulling on Plaintiff's arms and shoulders while he was handcuffed after he was restrained, and/or otherwise using excessive and unreasonable force against Plaintiff.

152.    Plaintiff Michael Nelson presented no threat to Defendant Hutcheson, or to anyone else, that justified the excessive and unreasonable level of force deployed by Defendant Hutcheson.

153.    Defendant Hutcheson deprived Plaintiff Michael Nelson of his rights, privileges, and/or immunities under the United States Constitution, specifically including his rights under the Fourth and Fourteenth Amendments to the United States Constitution.

154.    Defendant Hutcheson was acting under color of law.

155.    The use of force and/or the amount of force used by Defendant Hutcheson against Plaintiff Michael Nelson was excessive because it was not reasonably necessary.

156.    As a direct and proximate result of the conduct and actions of Defendant Hutcheson, Plaintiff Michael Nelson suffered physical injuries, many or most of which continue to affect Plaintiff.

157.    As a direct and proximate result of the conduct and actions of Defendant Hutcheson, Plaintiff Michael Nelson suffered emotional distress and mental suffering at having been grabbed, pushed, attacked, tackled, yanked, battered, and beaten, which continues to affect Plaintiff.

158.    As a direct and proximate result of the conduct and actions of Defendant Hutcheson, Plaintiff Michael Nelson has suffered the loss of his ability to work and earn an income at his pre-event level.

159.    As a direct and proximate result of the conduct and actions of Defendant Hutcheson, Plaintiff Michael Nelson has lost income and incurred medical and other healthcare expenses (including in-home care provided by his wife, Plaintiff Bridget Nelson, for which she missed work) and attorney fees.

160.    As a direct and proximate result of the conduct and actions of Defendant Hutcheson, Plaintiff Michael Nelson has suffered any and/or all additional injuries set out in further detail above in this Complaint.

161.    The acts of Defendant Hutcheson were intentional, wanton, malicious, oppressive, reckless, and/or deliberately and/or callously indifferent to the rights of Plaintiff Michael Nelson, thus entitling Plaintiff to an award of punitive damages against Defendant Hutcheson.

162.    If Plaintiff prevails, he is entitled to recover attorney's fees and costs pursuant to 42 U.S.C. §1988.

163.    As a direct and proximate result of Defendant Hutcheson's unjustified conduct as referred to herein, Plaintiff Michael Nelson is believed to have suffered in the past and will in the future suffer and incur the following damages:

    a.  Deprivation of his constitutional rights;

b.  Humiliation, degradation, public ridicule, loss of personal reputation, and

emotional distress;

c.  Consequential damages;

d.  Actual and Compensatory Damages including, but not limited to, past, present and

future pain and suffering, loss of function of mind and/or body, loss of earnings

and/or earning capacity, and medical and other healthcare expenses; and

e.  Other damages as allowed by law.

164.    Based on all the foregoing, the Plaintiff has suffered a plausible, and more than

plausible, an actual violation of the rights, privileges, and immunities secured by the law the

Defendant violated in this Count.  And, the law that Defendant violated, as particularly described

above, was clearly established at the time of the violation alleged in this Count.

WHEREFORE, Plaintiff Michael Nelson prays for judgment against Defendant

Hutcheson, jointly and severally with Defendants Bjoin, Townsell, Stanerson, and Wagenknecht,

and/or any one or more of them, for actual damages in an amount that is fair and just, for

punitive damages and for attorney's fees, together with his costs, and for such further relief that

this Honorable Court deems just and proper under the circumstances.

## <u>COUNT VI</u>

### <u>LIABILITY OF ALL DEFENDANT LAW ENFORCEMENT OFFICERS FOR CIVIL CONSPIRACY INVOLVING THE UNREASONABLE SEIZURE OF PLAINTIFF IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION COGNIZABLE PURSUANT TO 42 U.S.C. §1983</u>

COMES NOW Plaintiff Michael Nelson, and for Count VI of his cause of action against

Defendants Bjoin, Townsell, Stanerson, Wagenknecht, and Hutcheson, states as follows:

165.    Plaintiff repleads, repeats, and realleges, as if fully set forth herein, each and

every allegation in paragraphs 1 through 164, and incorporates the same by this reference.

31

166.    Defendants Bjoin, Townsell, Stanerson, Wagenknecht, and Hutcheson conspired with each other and/or one or more of the other officers and/or others (in any combination) to deprive Plaintiff Michael Nelson of his constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution.

167.    At least one of the Defendants, as a co-conspirator, engaged in an overt act in furtherance of the conspiracy.

168.    These overt acts include some or all of the following: unreasonably seizing Plaintiff by forcibly grabbing and restraining Plaintiff, forcibly and violently pulling Plaintiff's arms behind his back, pushing Plaintiff into his truck, tackling Plaintiff down onto the ground, ramming Plaintiff's head into the side of his truck and/or into the ground, violently yanking Plaintiff's arms and shoulders behind his back while restraining Plaintiff, brutally pulling on Plaintiff's arms and shoulders while he was handcuffed after he was restrained, and/or otherwise using excessive and unreasonable force against Plaintiff, and/or taking actions in the concealment and cover up or attempted concealment and cover up of the excessive and unreasonable use of force against Plaintiff.

169.    Defendants Bjoin, Townsell, Stanerson, and Wagenknecht deprived Plaintiff Michael Nelson of his rights, privileges, and/or immunities under the United States Constitution, specifically including his rights under the Fourth and Fourteenth Amendments to the United States Constitution.

170.    Defendants Bjoin, Townsell, Stanerson, and Wagenknecht were acting under color of law.

171.    The use of force and/or the amount of force used by the Defendant law enforcement officers against Plaintiff Michael Nelson was excessive because it was not reasonably necessary.

172.    As a direct and proximate result of the overt acts done in furtherance of the conspiracy, Plaintiff Michael Nelson suffered physical injuries, many or most of which continue to affect Plaintiff.

173.    As a direct and proximate result of the overt acts done in furtherance of the conspiracy, Plaintiff Michael Nelson suffered emotional distress and mental suffering at having been grabbed, pushed, attacked, tackled, yanked, battered, and beaten, which continues to affect Plaintiff.

174.    As a direct and proximate result of the overt acts done in furtherance of the conspiracy, Plaintiff Michael Nelson has suffered the loss of his ability to work and earn an income at his pre-event level.

175.    As a direct and proximate result of the overt acts done in furtherance of the conspiracy, Plaintiff Michael Nelson has lost income and incurred medical and other healthcare expenses (including in-home care provided by his wife, Plaintiff Bridget Nelson, for which she missed work) and attorney fees.

176.    As a direct and proximate result of the overt acts done in furtherance of the conspiracy, Plaintiff Michael Nelson has suffered any and/or all additional injuries set out in further detail above in this Complaint.

177.    The overt acts done in furtherance of the conspiracy were intentional, wanton, malicious, oppressive, reckless, and/or deliberately and/or callously indifferent to the rights of

Plaintiff Michael Nelson, thus entitling Plaintiff to an award of punitive damages against

Defendants Bjoin, Townsell, Stanerson, and Wagenknecht.

178.    If Plaintiff prevails, he is entitled to recover attorney's fees and costs pursuant to

42 U.S.C. §1988.

179.    As a direct and proximate result of the overt acts done in furtherance of the

conspiracy and unjustified conduct as referred to herein, Plaintiff Michael Nelson is believed to

have suffered in the past and will in the future suffer and incur the following damages:

      a.  Deprivation of his constitutional rights;

      b.  Humiliation, degradation, public ridicule, loss of personal reputation, and

         emotional distress;

      c.  Consequential damages;

      d.  Actual and Compensatory Damages including, but not limited to, past, present and

         future pain and suffering, loss of function of mind and/or body, loss of earnings

         and/or earning capacity, and medical and other healthcare expenses; and

      e.  Other damages as allowed by law.

180.    Based on all the foregoing, the Plaintiff has suffered a plausible, and more than

plausible, an actual violation of the rights, privileges, and immunities secured by the law the

Defendants violated in this Count.  And, the law that Defendants violated, as particularly

described above, was clearly established at the time of the violation alleged in this Count.

WHEREFORE, Plaintiff Michael Nelson prays for judgment against Defendants Bjoin,

Townsell, Stanerson, Wagenknecht, and Hutcheson, and/or any combination of them, jointly and

severally, for actual damages in an amount that is fair and just, for punitive damages and for

attorney's fees, together with his costs, and for such further relief that this Honorable Court deems just and proper under the circumstances.

## COUNT VII

### LIABILITY OF DEFENDANT DALLAS COUNTY, IOWA FOR UNREASONABLE SEIZURE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION COGNIZABLE PURSUANT TO 42 U.S.C. §1983

COMES NOW Plaintiff Michael Nelson, and for Count VII of his cause of action against Defendant Dallas County, Iowa, states as follows:

181.    Plaintiff repleads, repeats, and realleges, as if fully set forth herein, each and every allegation in paragraphs 1 through 180, and incorporates the same by this reference.

182.    Defendant Dallas County caused the constitutional violations, injuries and damages suffered by Plaintiff Michael Nelson.

183.    Defendant Dallas County had a policy or a custom and usage by which its law enforcement officers used unreasonable force against people the officers encountered, took steps to conceal or cover up the use of unreasonable force on the part of the officers, and/or failed to implement and/or enforce policies and procedures to avoid the creation of a pattern of excessive force and police misconduct of the type referred to herein.

184.    Defendant Dallas County had notice of a pattern of unconstitutional acts by its law enforcement officers.

185.    Defendant Dallas County failed in its duty to train, supervise, and discipline officers regarding the use of unreasonable force.

186.    Defendant Dallas County has acted, and failed to act, with deliberate indifference to the rights of individuals who encounter the police in its failure to train, supervise, and discipline and/or in its policy or custom and usage of unreasonably seizing people.

187.    The data and evidence that supports this Count against Defendant Dallas County is within the possession and the exclusive control of Dallas County, requiring the disclosure of this data and evidence to the Plaintiff in discovery in this case.  Such data and evidence would include, but not be limited to, the records of complaints and investigations against law enforcement officers that allege misconduct, internal memoranda and communications, statistics revealed by the complaint and discipline records, the identity of potential witnesses who have had encounters with Dallas County law enforcement officers, including those who have had encounters with Defendants Bjoin, Townsell, and/or Stanerson, the records of individual officers, including Defendants Bjoin, Townsell, and Stanerson, that reveal their patterns for using force, making arrests and preferring charges and other records and things that reveal the policies and customs and usages of Dallas County.

188.    The allegations of this Count VII are made by Plaintiff in good faith and upon information and belief.

189.    As a direct and proximate result of the conduct and actions of Defendant Dallas County, Plaintiff Michael Nelson suffered physical injuries, many or most of which continue to affect Plaintiff.

190.    As a direct and proximate result of the conduct and actions of Defendant Dallas County, Plaintiff Michael Nelson suffered emotional distress and mental suffering at having been grabbed, pushed, attacked, tackled, yanked, battered, and beaten, which continues to affect Plaintiff.

191.    As a direct and proximate result of the conduct and actions of Defendant Dallas County, Plaintiff Michael Nelson has suffered the loss of his ability to work and earn an income at his pre-event level.

192.    As a direct and proximate result of the conduct and actions of Defendant Dallas County, Plaintiff Michael Nelson has lost income and incurred medical and other healthcare expenses (including in-home care provided by his wife, Plaintiff Bridget Nelson, for which she missed work) and attorney fees.

193.    As a direct and proximate result of the conduct and actions of Defendant Dallas County, Plaintiff Michael Nelson has suffered any and/or all additional injuries set out in further detail above in this Complaint.

194.    If Plaintiff prevails, he is entitled to recover attorney's fees and costs pursuant to 42 U.S.C. §1988.

195.    As a direct and proximate result of Defendant Dallas County's unjustified conduct as referred to herein, Plaintiff Michael Nelson is believed to have suffered in the past and will in the future suffer and incur the following damages:

    a.  Deprivation of his constitutional rights;

    b.  Humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress;

    c.  Consequential damages;

    d.  Actual and Compensatory Damages including, but not limited to, past, present and future pain and suffering, loss of function of mind and/or body, loss of earnings and/or earning capacity, and medical and other healthcare expenses; and

    e.  Other damages as allowed by law.

196.    Based on all the foregoing, the Plaintiff has suffered a plausible, and more than plausible, an actual violation of the rights, privileges, and immunities secured by the law the

Defendants violated in this Count. And, the law that Defendants violated, as particularly described above, was clearly established at the time of the violation alleged in this Count.

WHEREFORE, Plaintiff Michael Nelson prays for judgment against Defendant Dallas County, Iowa, for actual damages in an amount that is fair and just, for attorney's fees, together with his costs, and for such further relief that this Honorable Court deems just and proper under the circumstances.

## COUNT VIII

### LIABILITY OF DEFENDANT CITY OF DE SOTO, IOWA FOR UNREASONABLE SEIZURE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION COGNIZABLE PURSUANT TO 42 U.S.C. §1983

COMES NOW Plaintiff Michael Nelson, and for Count VIII of his cause of action against Defendant City of De Soto, Iowa, states as follows:

197.    Plaintiff repleads, repeats, and realleges, as if fully set forth herein, each and every allegation in paragraphs 1 through 196, and incorporates the same by this reference.

198.    Defendant City of De Soto caused the constitutional violations, injuries and damages suffered by Plaintiff Michael Nelson.

199.    Defendant City of De Soto had a policy or a custom and usage by which its law enforcement officers used unreasonable force against people the officers encountered, took steps to conceal or cover up the use of unreasonable force on the part of the officers, and/or failed to implement and/or enforce policies and procedures to avoid the creation of a pattern of excessive force and police misconduct of the type referred to herein.

200.    Defendant City of De Soto had notice of a pattern of unconstitutional acts by its law enforcement officers.

201.    Defendant City of De Soto failed in its duty to train, supervise, and discipline officers regarding the use of unreasonable force.

202.    Defendant City of De Soto has acted, and failed to act, with deliberate indifference to the rights of individuals who encounter the police in its failure to train, supervise, and discipline and/or in its policy or custom and usage of unreasonably seizing people.

203.    The data and evidence that supports this Count against Defendant City of De Soto is within the possession and the exclusive control of the City of De Soto, requiring the disclosure of this data and evidence to the Plaintiff in discovery in this case.  Such data and evidence would include, but not be limited to, the records of complaints and investigations against law enforcement/police officers that allege misconduct, internal memoranda and communications, statistics revealed by the complaint and discipline records, the identity of potential witnesses who have had encounters with De Soto law enforcement/police officers, including those who have had encounters with Defendants Wagenknecht and/or Hutcheson, the records of individual officers, including Defendants Wagenknecht and Hutcheson, that reveal their patterns for using force, making arrests and preferring charges and other records and things that reveal the policies and customs and usages of the City of De Soto.

204.    The allegations of this Count VIII are made by Plaintiff in good faith and upon information and belief.

205.    As a direct and proximate result of the conduct and actions of Defendant City of De Soto, Plaintiff Michael Nelson suffered physical injuries, many or most of which continue to affect Plaintiff.

206.    As a direct and proximate result of the conduct and actions of Defendant City of De Soto, Plaintiff Michael Nelson suffered emotional distress and mental suffering at having

been grabbed, pushed, attacked, tackled, yanked, battered, and beaten, which continues to affect Plaintiff.

207.    As a direct and proximate result of the conduct and actions of Defendant City of De Soto, Plaintiff Michael Nelson has suffered the loss of his ability to work and earn an income at his pre-event level.

208.    As a direct and proximate result of the conduct and actions of Defendant City of De Soto, Plaintiff Michael Nelson has lost income and incurred medical and other healthcare expenses (including in-home care provided by his wife, Plaintiff Bridget Nelson, for which she missed work) and attorney fees.

209.    As a direct and proximate result of the conduct and actions of Defendant City of De Soto, Plaintiff Michael Nelson has suffered any and/or all additional injuries set out in further detail above in this Complaint.

210.    If Plaintiff prevails, he is entitled to recover attorney's fees and costs pursuant to 42 U.S.C. §1988.

211.    As a direct and proximate result of Defendant City of De Soto's unjustified conduct as referred to herein, Plaintiff Michael Nelson is believed to have suffered in the past and will in the future suffer and incur the following damages:

      a.  Deprivation of his constitutional rights;

      b.  Humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress;

      c.  Consequential damages;

d.  Actual and Compensatory Damages including, but not limited to, past, present and future pain and suffering, loss of function of mind and/or body, loss of earnings and/or earning capacity, and medical and other healthcare expenses; and

e.  Other damages as allowed by law.

212.    Based on all the foregoing, the Plaintiff has suffered a plausible, and more than plausible, an actual violation of the rights, privileges, and immunities secured by the law the Defendants violated in this Count.  And, the law that Defendants violated, as particularly described above, was clearly established at the time of the violation alleged in this Count.

WHEREFORE, Plaintiff Michael Nelson prays for judgment against Defendant City of De Soto, Iowa, for actual damages in an amount that is fair and just, for attorney's fees, together with his costs, and for such further relief that this Honorable Court deems just and proper under the circumstances.

## COUNT IX

### *RESPONDEAT SUPERIOR* LIABILITY OF DEFENDANT DALLAS COUNTY, IOWA

COMES NOW Plaintiff Michael Nelson, and for Count IX of his cause of action against Defendant Dallas County, Iowa, states as follows:

213.    Plaintiff repleads, repeats, and realleges, as if fully set forth herein, each and every allegation in paragraphs 1 through 212, and incorporates the same by this reference.

214.    Defendant Dallas County is liable for the constitutional violations that Plaintiff Michael Nelson suffered as Dallas County, Iowa hired and retained Defendants Bjoin, Townsell, and Stanerson, who, acting within the course and scope of their employment, power and authority, violated the constitutional rights of Plaintiff under the Fourth and Fourteenth Amendment to the United States Constitution.

41

215.    Plaintiff acknowledges that *respondeat superior* liability is not a basis for liability of Defendant Dallas County, Iowa, under existing law. Plaintiff submits that there exists a good faith argument for the modification of that rule based on the dissenting opinion of Justice Breyer in *Board of the County Commissioners of Bryan County v. Brown*, 520 U.S. 397, 117 S.Ct. 1382 (1997), the dissenting opinion of Justice Stevens in *Oklahoma City v. Tuttle*, 471 U.S. 808 (1985), and based upon the literature addressing this issue.

216.    As a direct and proximate result of the conduct of the employees, agents and servants of Defendant Dallas County, acting within the course and scope their employment, Plaintiff suffered injuries and damages.

217.    If Plaintiff prevails, he is entitled to an award of attorneys' fees and costs pursuant to 42 U.S.C. §1988.

218.  As a direct and proximate result of Defendant Dallas County's unjustified conduct as referred to herein, Plaintiff is believed to have suffered in the past and will in the future suffer and incur the following damages:

a.  Deprivation of his constitutional rights;

b.  Humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress;

c.  Consequential damages;

d.  Actual and Compensatory Damages including, but not limited to, past, present and future pain and suffering, loss of function of mind and/or body, loss of earnings and/or earning capacity, and medical and other healthcare expenses; and

e.  Other damages as allowed by law.

WHEREFORE, Plaintiff prays for judgment against Defendant Dallas County, Iowa, for compensatory damages, and for attorneys' fees and the costs of this litigation, and for other relief as is appropriate under the law.

## COUNT X

## *RESPONDEAT SUPERIOR* LIABILITY OF DEFENDANT CITY OF DE SOTO, IOWA

COMES NOW Plaintiff Michael Nelson, and for Count X of his cause of action against Defendant City of De Soto, Iowa, states as follows:

219.    Plaintiff repleads, repeats, and realleges, as if fully set forth herein, each and every allegation in paragraphs 1 through 218, and incorporates the same by this reference.

220.    Defendant City of De Soto is liable for the constitutional violations that Plaintiff Michael Nelson suffered as the City of De Soto, Iowa hired and retained Defendants Wagenknecht and Hutcheson, who, acting within the course and scope of their employment, power and authority, violated the constitutional rights of Plaintiff under the Fourth and Fourteenth Amendment to the United States Constitution.

221.    Plaintiff acknowledges that *respondeat superior* liability is not a basis for liability of Defendant City of De Soto, Iowa, under existing law.  Plaintiff submits that there exists a good faith argument for the modification of that rule based on the dissenting opinion of Justice Breyer in *Board of the County Commissioners of Bryan County v. Brown*, 520 U.S. 397, 117 S.Ct. 1382 (1997), the dissenting opinion of Justice Stevens in *Oklahoma City v. Tuttle*, 471 U.S. 808 (1985), and based upon the literature addressing this issue.

222.    As a direct and proximate result of the conduct of the employees, agents and servants of Defendant City of De Soto, acting within the course and scope their employment, Plaintiff suffered injuries and damages.

223.     If Plaintiff prevails, he is entitled to an award of attorneys' fees and costs pursuant to 42 U.S.C. §1988.

224.  As a direct and proximate result of Defendant City of De Soto's unjustified conduct as referred to herein, Plaintiff is believed to have suffered in the past and will in the future suffer and incur the following damages:

   a.  Deprivation of his constitutional rights;

   b.  Humiliation, degradation, public ridicule, loss of personal reputation, and emotional distress;

   c.  Consequential damages;

   d.  Actual and Compensatory Damages including, but not limited to, past, present and future pain and suffering, loss of function of mind and/or body, loss of earnings and/or earning capacity, and medical and other healthcare expenses; and

   e.  Other damages as allowed by law.

WHEREFORE, Plaintiff prays for judgment against Defendant City of De Soto, Iowa, for compensatory damages, and for attorneys' fees and the costs of this litigation, and for other relief as is appropriate under the law.

### COUNT XI

### LIABILITY OF DEFENDANT BJOIN FOR ASSAULT AND BATTERY (IN HIS INDIVIDUAL AND OFFICIAL CAPACITY)

COME NOW Plaintiffs Michael Nelson and Bridget Nelson, and for Count XI of their cause of action against Defendant Bjoin, state as follows:

225.     Plaintiffs replead, repeat, and reallege, as if fully set forth herein, each and every allegation in paragraphs 1 through 224, and incorporate the same by this reference.

226.    Defendant Bjoin utilized unnecessary and excessive force while attempting to detain, arrest, and/or restrain the freedom of Plaintiff Michael Nelson by employing unreasonable physical force including one or more of the following: unreasonably seizing Plaintiff by forcibly grabbing and restraining Plaintiff, forcibly and violently pulling Plaintiff's arms behind his back, pushing Plaintiff into his truck, tackling Plaintiff down onto the ground, ramming Plaintiff's head into the side of his truck and/or into the ground, violently yanking Plaintiff's arms and shoulders behind his back while restraining Plaintiff, brutally pulling on Plaintiff's arms and shoulders while he was handcuffed after he was restrained, and/or otherwise using excessive and unreasonable force against Plaintiff.

227.    Defendant Bjoin's actions were undertaken without Plaintiff Michael Nelson's consent.

228.    Defendant Bjoin's contact was offensive to Plaintiff Michael Nelson and/or a reasonable person and caused physical pain and/or injury.

229.    Defendant Bjoin's use of force against Plaintiff Michael Nelson was clearly excessive and unreasonable under the circumstances, constituting assault and battery.

230.    As a direct and proximate result of Defendant Bjoin's acts and/or omissions, Plaintiff Michael Nelson has in the past and will in the future suffer injuries and damages.

231.    As a direct and proximate result of the conduct and actions of Defendant Bjoin, Plaintiff Michael Nelson suffered physical injuries, many or most of which continue to affect Plaintiff.

232.    As a direct and proximate result of the conduct and actions of Defendant Bjoin, Plaintiff Michael Nelson suffered emotional distress and mental suffering at having been

grabbed, pushed, attacked, tackled, yanked, battered, and beaten, which continues to affect Plaintiff.

233.    As a direct and proximate result of the conduct and actions of Defendant Bjoin, Plaintiff Michael Nelson has suffered the loss of his ability to work and earn an income at his pre-event level.

234.    As a direct and proximate result of the conduct and actions of Defendant Bjoin, Plaintiff Michael Nelson has lost income and incurred medical and other healthcare expenses (including in-home care provided by his wife, Plaintiff Bridget Nelson, for which she missed work) and attorney fees.

235.    As a direct and proximate result of the conduct and actions of Defendant Bjoin, Plaintiff Michael Nelson has suffered any and/or all additional injuries set out in further detail above in this Complaint.

236.    The conduct and actions of Defendant Bjoin also directly and proximately caused Plaintiff Bridget Nelson, and Plaintiffs' two minor daughters, H.A.N. and C.E.N., a loss of consortium with respect to their relationship with their husband and father, respectively, Plaintiff Michael Nelson.

237.  As a direct and proximate result of Defendant Bjoin's illegal and unjustified conduct as referred to herein, Plaintiff Michael Nelson is believed to have suffered in the past and will in the future suffer and incur the following damages:

> a.  Actual, Compensatory, and Consequential Damages including, but not limited to, past, present and future pain and suffering (physical pain and mental anguish and suffering, including loss of enjoyment of life), loss of function of mind and/or

body, loss of earnings and/or earning capacity, and medical and other healthcare

expenses; and

   b.  Other damages as allowed by law.

238.    In addition, Plaintiff Michael Nelson has sustained and continues to suffer

emotional injury as a result of the assault and battery and his resulting physical injuries.

239.    As the wife of Plaintiff Michael Nelson, Plaintiff Bridget Nelson does hereby

make claim for both past and future loss of spousal consortium which resulted and will result

from the injuries to her husband that were caused by Defendant Bjoin's conduct.

240.    Plaintiffs Michael Nelson and Bridget Nelson, as the parents and next friend of

their minor daughter, H.A.N., do hereby make a claim for loss of parental consortium in the past

and in the future which resulted and will result from the injuries to H.A.N.'s father, Plaintiff

Michael Nelson, which were caused by Defendant Bjoin's conduct.

241.    Defendant Bjoin's actions were willful, wanton, unlawful, and in gross disregard

of Plaintiffs' rights and safety, justifying an award of punitive damages.

242.    Based on all the foregoing, the Plaintiffs have suffered a plausible, and more than

plausible, an actual violation of the rights, privileges, and immunities secured by the law the

Defendant violated in this Count.  And, the law that Defendant violated, as particularly described

above, was clearly established at the time of the violation alleged in this Count.

WHEREFORE, Plaintiffs Michael Nelson and Bridget Nelson pray for judgment against

Defendant Bjoin, jointly and severally with Defendants Townsell, Stanerson, Wagenknecht, and

Hutcheson, and/or any one or more of them, for actual damages in an amount that is fair and just,

which will fully and fairly compensate Plaintiffs for all of their injuries and losses, and for

punitive damages, and for attorney fees, together with interest thereon at the maximum legal rate

plus the costs of this action, and for such further relief that this Honorable Court deems just and proper under the circumstances.

## COUNT XII

## LIABILITY OF DEFENDANT TOWNSELL FOR ASSAULT AND BATTERY (IN HIS INDIVIDUAL AND OFFICIAL CAPACITY)

COME NOW Plaintiffs Michael Nelson and Bridget Nelson, and for Count XII of their cause of action against Defendant Townsell, state as follows:

243.    Plaintiffs replead, repeat, and reallege, as if fully set forth herein, each and every allegation in paragraphs 1 through 242, and incorporate the same by this reference.

244.    Defendant Townsell utilized unnecessary and excessive force while attempting to detain, arrest, and/or restrain the freedom of Plaintiff Michael Nelson by employing unreasonable physical force including one or more of the following: unreasonably seizing Plaintiff by forcibly grabbing and restraining Plaintiff, forcibly and violently pulling Plaintiff's arms behind his back, pushing Plaintiff into his truck, tackling Plaintiff down onto the ground, ramming Plaintiff's head into the side of his truck and/or into the ground, violently yanking Plaintiff's arms and shoulders behind his back while restraining Plaintiff, brutally pulling on Plaintiff's arms and shoulders while he was handcuffed after he was restrained, and/or otherwise using excessive and unreasonable force against Plaintiff.

245.    Defendant Townsell's actions were undertaken without Plaintiff Michael Nelson's consent.

246.    Defendant Townsell's contact was offensive to Plaintiff Michael Nelson and/or a reasonable person and caused physical pain and/or injury.

247.    Defendant Townsell's use of force against Plaintiff Michael Nelson was clearly excessive and unreasonable under the circumstances, constituting assault and battery.

248.    As a direct and proximate result of Defendant Townsell's acts and/or omissions, Plaintiff Michael Nelson has in the past and will in the future suffer injuries and damages.

249.    As a direct and proximate result of the conduct and actions of Defendant Townsell, Plaintiff Michael Nelson suffered physical injuries, many or most of which continue to affect Plaintiff.

250.    As a direct and proximate result of the conduct and actions of Defendant Townsell, Plaintiff Michael Nelson suffered emotional distress and mental suffering at having been grabbed, pushed, attacked, tackled, yanked, battered, and beaten, which continues to affect Plaintiff.

251.    As a direct and proximate result of the conduct and actions of Defendant Townsell, Plaintiff Michael Nelson has suffered the loss of his ability to work and earn an income at his pre-event level.

252.    As a direct and proximate result of the conduct and actions of Defendant Townsell, Plaintiff Michael Nelson has lost income and incurred medical and other healthcare expenses (including in-home care provided by his wife, Plaintiff Bridget Nelson, for which she missed work) and attorney fees.

253.    As a direct and proximate result of the conduct and actions of Defendant Townsell, Plaintiff Michael Nelson has suffered any and/or all additional injuries set out in further detail above in this Complaint.

254.    The conduct and actions of Defendant Townsell also directly and proximately caused Plaintiff Bridget Nelson, and Plaintiffs' two minor daughters, H.A.N. and C.E.N., a loss of consortium with respect to their relationship with their husband and father, respectively, Plaintiff Michael Nelson.

255.  As a direct and proximate result of Defendant Townsell's illegal and unjustified conduct as referred to herein, Plaintiff Michael Nelson is believed to have suffered in the past and will in the future suffer and incur the following damages:

      a.  Actual, Compensatory, and Consequential Damages including, but not limited to, past, present and future pain and suffering (physical pain and mental anguish and suffering, including loss of enjoyment of life), loss of function of mind and/or body, loss of earnings and/or earning capacity, and medical and other healthcare expenses; and

      b.  Other damages as allowed by law.

256.  In addition, Plaintiff Michael Nelson has sustained and continues to suffer emotional injury as a result of the assault and battery and his resulting physical injuries.

257.  As the wife of Plaintiff Michael Nelson, Plaintiff Bridget Nelson does hereby make claim for both past and future loss of spousal consortium which resulted and will result from the injuries to her husband that were caused by Defendant Townsell's conduct.

258.  Plaintiffs Michael Nelson and Bridget Nelson, as the parents and next friend of their minor daughter, H.A.N., do hereby make a claim for loss of parental consortium in the past and in the future which resulted and will result from the injuries to H.A.N.'s father, Plaintiff Michael Nelson, which were caused by Defendant Townsell's conduct.

259.  Defendant Townsell's actions were willful, wanton, unlawful, and in gross disregard of Plaintiffs' rights and safety, justifying an award of punitive damages.

260.  Based on all the foregoing, the Plaintiffs have suffered a plausible, and more than plausible, an actual violation of the rights, privileges, and immunities secured by the law the

Defendant violated in this Count.  And, the law that Defendant violated, as particularly described above, was clearly established at the time of the violation alleged in this Count.

WHEREFORE, Plaintiffs Michael Nelson and Bridget Nelson pray for judgment against Defendant Townsell, jointly and severally with Defendants Bjoin, Stanerson, Wagenknecht, and Hutcheson, and/or any one or more of them, for actual damages in an amount that is fair and just, which will fully and fairly compensate Plaintiffs for all of their injuries and losses, and for punitive damages, and for attorney fees, together with interest thereon at the maximum legal rate plus the costs of this action, and for such further relief that this Honorable Court deems just and proper under the circumstances.

## COUNT XIII

## LIABILITY OF DEFENDANT STANERSON FOR ASSAULT AND BATTERY (IN HIS INDIVIDUAL AND OFFICIAL CAPACITY)

COME NOW Plaintiffs Michael Nelson and Bridget Nelson, and for Count XIII of their cause of action against Defendant Stanerson, state as follows:

261.    Plaintiffs replead, repeat, and reallege, as if fully set forth herein, each and every allegation in paragraphs 1 through 260, and incorporate the same by this reference.

262.    Defendant Stanerson utilized unnecessary and excessive force while attempting to detain, arrest, and/or restrain the freedom of Plaintiff Michael Nelson by employing unreasonable physical force including one or more of the following: unreasonably seizing Plaintiff by forcibly grabbing and restraining Plaintiff, forcibly and violently pulling Plaintiff's arms behind his back, pushing Plaintiff into his truck, tackling Plaintiff down onto the ground, ramming Plaintiff's head into the side of his truck and/or into the ground, violently yanking Plaintiff's arms and shoulders behind his back while restraining Plaintiff, brutally pulling on

51

Plaintiff's arms and shoulders while he was handcuffed after he was restrained, and/or otherwise using excessive and unreasonable force against Plaintiff.

263.    Defendant Stanerson's actions were undertaken without Plaintiff Michael Nelson's consent.

264.    Defendant Stanerson's contact was offensive to Plaintiff Michael Nelson and/or a reasonable person and caused physical pain and/or injury.

265.    Defendant Stanerson's use of force against Plaintiff Michael Nelson was clearly excessive and unreasonable under the circumstances, constituting assault and battery.

266.    As a direct and proximate result of Defendant Stanerson's acts and/or omissions, Plaintiff Michael Nelson has in the past and will in the future suffer injuries and damages.

267.    As a direct and proximate result of the conduct and actions of Defendant Stanerson, Plaintiff Michael Nelson suffered physical injuries, many or most of which continue to affect Plaintiff.

268.    As a direct and proximate result of the conduct and actions of Defendant Stanerson, Plaintiff Michael Nelson suffered emotional distress and mental suffering at having been grabbed, pushed, attacked, tackled, yanked, battered, and beaten, which continues to affect Plaintiff.

269.    As a direct and proximate result of the conduct and actions of Defendant Stanerson, Plaintiff Michael Nelson has suffered the loss of his ability to work and earn an income at his pre-event level.

270.    As a direct and proximate result of the conduct and actions of Defendant Stanerson, Plaintiff Michael Nelson has lost income and incurred medical and other healthcare

expenses (including in-home care provided by his wife, Plaintiff Bridget Nelson, for which she missed work) and attorney fees.

271.    As a direct and proximate result of the conduct and actions of Defendant Stanerson, Plaintiff Michael Nelson has suffered any and/or all additional injuries set out in further detail above in this Complaint.

272.    The conduct and actions of Defendant Stanerson also directly and proximately caused Plaintiff Bridget Nelson, and Plaintiffs' two minor daughters, H.A.N. and C.E.N., a loss of consortium with respect to their relationship with their husband and father, respectively, Plaintiff Michael Nelson.

273.    As a direct and proximate result of Defendant Stanerson's illegal and unjustified conduct as referred to herein, Plaintiff Michael Nelson is believed to have suffered in the past and will in the future suffer and incur the following damages:

    a.  Actual, Compensatory, and Consequential Damages including, but not limited to, past, present and future pain and suffering (physical pain and mental anguish and suffering, including loss of enjoyment of life), loss of function of mind and/or body, loss of earnings and/or earning capacity, and medical and other healthcare expenses; and

    b.  Other damages as allowed by law.

274.    In addition, Plaintiff Michael Nelson has sustained and continues to suffer emotional injury as a result of the assault and battery and his resulting physical injuries.

275.    As the wife of Plaintiff Michael Nelson, Plaintiff Bridget Nelson does hereby make claim for both past and future loss of spousal consortium which resulted and will result from the injuries to her husband that were caused by Defendant Stanerson's conduct.

276.    Plaintiffs Michael Nelson and Bridget Nelson, as the parents and next friend of their minor daughter, H.A.N., do hereby make a claim for loss of parental consortium in the past and in the future which resulted and will result from the injuries to H.A.N.'s father, Plaintiff Michael Nelson, which were caused by Defendant Stanerson's conduct.

277.    Defendant Stanerson's actions were willful, wanton, unlawful, and in gross disregard of Plaintiffs' rights and safety, justifying an award of punitive damages.

278.    Based on all the foregoing, the Plaintiffs have suffered a plausible, and more than plausible, an actual violation of the rights, privileges, and immunities secured by the law the Defendant violated in this Count.  And, the law that Defendant violated, as particularly described above, was clearly established at the time of the violation alleged in this Count.

WHEREFORE, Plaintiffs Michael Nelson and Bridget Nelson pray for judgment against Defendant Stanerson, jointly and severally with Defendants Bjoin, Townsell, Wagenknecht, and Hutcheson, and/or any one or more of them, for actual damages in an amount that is fair and just, which will fully and fairly compensate Plaintiffs for all of their injuries and losses, and for punitive damages, and for attorney fees, together with interest thereon at the maximum legal rate plus the costs of this action, and for such further relief that this Honorable Court deems just and proper under the circumstances.

## COUNT XIV

## LIABILITY OF DEFENDANT WAGENKNECHT FOR ASSAULT AND BATTERY (IN HIS INDIVIDUAL AND OFFICIAL CAPACITY)

COME NOW Plaintiffs Michael Nelson and Bridget Nelson, and for Count XIV of their cause of action against Defendant Wagenknecht, state as follows:

279.    Plaintiffs replead, repeat, and reallege, as if fully set forth herein, each and every allegation in paragraphs 1 through 278, and incorporate the same by this reference.

280.    Defendant Wagenknecht utilized unnecessary and excessive force while attempting to detain, arrest, and/or restrain the freedom of Plaintiff Michael Nelson by employing unreasonable physical force including one or more of the following: unreasonably seizing Plaintiff by forcibly grabbing and restraining Plaintiff, forcibly and violently pulling Plaintiff's arms behind his back, pushing Plaintiff into his truck, tackling Plaintiff down onto the ground, ramming Plaintiff's head into the side of his truck and/or into the ground, violently yanking Plaintiff's arms and shoulders behind his back while restraining Plaintiff, brutally pulling on Plaintiff's arms and shoulders while he was handcuffed after he was restrained, and/or otherwise using excessive and unreasonable force against Plaintiff.

281.    Defendant Wagenknecht's actions were undertaken without Plaintiff Michael Nelson's consent.

282.    Defendant Wagenknecht's contact was offensive to Plaintiff Michael Nelson and/or a reasonable person and caused physical pain and/or injury.

283.    Defendant Wagenknecht's use of force against Plaintiff Michael Nelson was clearly excessive and unreasonable under the circumstances, constituting assault and battery.

284.    As a direct and proximate result of Defendant Wagenknecht's acts and/or omissions, Plaintiff Michael Nelson has in the past and will in the future suffer injuries and damages.

285.    As a direct and proximate result of the conduct and actions of Defendant Wagenknecht, Plaintiff Michael Nelson suffered physical injuries, many or most of which continue to affect Plaintiff.

286.    As a direct and proximate result of the conduct and actions of Defendant Wagenknecht, Plaintiff Michael Nelson suffered emotional distress and mental suffering at

having been grabbed, pushed, attacked, tackled, yanked, battered, and beaten, which continues to affect Plaintiff.

287.    As a direct and proximate result of the conduct and actions of Defendant Wagenknecht, Plaintiff Michael Nelson has suffered the loss of his ability to work and earn an income at his pre-event level.

288.    As a direct and proximate result of the conduct and actions of Defendant Wagenknecht, Plaintiff Michael Nelson has lost income and incurred medical and other healthcare expenses (including in-home care provided by his wife, Plaintiff Bridget Nelson, for which she missed work) and attorney fees.

289.    As a direct and proximate result of the conduct and actions of Defendant Wagenknecht, Plaintiff Michael Nelson has suffered any and/or all additional injuries set out in further detail above in this Complaint.

290.    The conduct and actions of Defendant Wagenknecht also directly and proximately caused Plaintiff Bridget Nelson, and Plaintiffs' two minor daughters, H.A.N. and C.E.N., a loss of consortium with respect to their relationship with their husband and father, respectively, Plaintiff Michael Nelson.

291.  As a direct and proximate result of Defendant Wagenknecht's illegal and unjustified conduct as referred to herein, Plaintiff Michael Nelson is believed to have suffered in the past and will in the future suffer and incur the following damages:

        a.  Actual, Compensatory, and Consequential Damages including, but not limited to, past, present and future pain and suffering (physical pain and mental anguish and suffering, including loss of enjoyment of life), loss of function of mind and/or

body, loss of earnings and/or earning capacity, and medical and other healthcare

expenses; and

b.  Other damages as allowed by law.

292.    In addition, Plaintiff Michael Nelson has sustained and continues to suffer

emotional injury as a result of the assault and battery and his resulting physical injuries.

293.    As the wife of Plaintiff Michael Nelson, Plaintiff Bridget Nelson does hereby

make claim for both past and future loss of spousal consortium which resulted and will result

from the injuries to her husband that were caused by Defendant Wagenknecht's conduct.

294.    Plaintiffs Michael Nelson and Bridget Nelson, as the parents and next friend of

their minor daughter, H.A.N., do hereby make a claim for loss of parental consortium in the past

and in the future which resulted and will result from the injuries to H.A.N.'s father, Plaintiff

Michael Nelson, which were caused by Defendant Wagenknecht's conduct.

295.    Defendant Wagenknecht's actions were willful, wanton, unlawful, and in gross

disregard of Plaintiffs' rights and safety, justifying an award of punitive damages.

296.    Based on all the foregoing, the Plaintiffs have suffered a plausible, and more than

plausible, an actual violation of the rights, privileges, and immunities secured by the law the

Defendant violated in this Count.  And, the law that Defendant violated, as particularly described

above, was clearly established at the time of the violation alleged in this Count.

WHEREFORE, Plaintiffs Michael Nelson and Bridget Nelson pray for judgment against

Defendant Wagenknecht, jointly and severally with Defendants Bjoin, Townsell, Stanerson, and

Hutcheson, and/or any one or more of them, for actual damages in an amount that is fair and just,

which will fully and fairly compensate Plaintiffs for all of their injuries and losses, and for

punitive damages, and for attorney fees, together with interest thereon at the maximum legal rate

plus the costs of this action, and for such further relief that this Honorable Court deems just and proper under the circumstances.

## COUNT XV

## LIABILITY OF DEFENDANT HUTCHESON FOR ASSAULT AND BATTERY (IN HIS INDIVIDUAL AND OFFICIAL CAPACITY)

COME NOW Plaintiffs Michael Nelson and Bridget Nelson, and for Count XV of their cause of action against Defendant Hutcheson, state as follows:

297.    Plaintiffs replead, repeat, and reallege, as if fully set forth herein, each and every allegation in paragraphs 1 through 296, and incorporate the same by this reference.

298.    Defendant Hutcheson utilized unnecessary and excessive force while attempting to detain, arrest, and/or restrain the freedom of Plaintiff Michael Nelson by employing unreasonable physical force including one or more of the following: unreasonably seizing Plaintiff by forcibly grabbing and restraining Plaintiff, forcibly and violently pulling Plaintiff's arms behind his back, pushing Plaintiff into his truck, tackling Plaintiff down onto the ground, ramming Plaintiff's head into the side of his truck and/or into the ground, violently yanking Plaintiff's arms and shoulders behind his back while restraining Plaintiff, brutally pulling on Plaintiff's arms and shoulders while he was handcuffed after he was restrained, and/or otherwise using excessive and unreasonable force against Plaintiff.

299.    Defendant Hutcheson's actions were undertaken without Plaintiff Michael Nelson's consent.

300.    Defendant Hutcheson's contact was offensive to Plaintiff Michael Nelson and/or a reasonable person and caused physical pain and/or injury.

301.    Defendant Hutcheson's use of force against Plaintiff Michael Nelson was clearly excessive and unreasonable under the circumstances, constituting assault and battery.

302.    As a direct and proximate result of Defendant Hutcheson's acts and/or omissions, Plaintiff Michael Nelson has in the past and will in the future suffer injuries and damages.

303.    As a direct and proximate result of the conduct and actions of Defendant Hutcheson, Plaintiff Michael Nelson suffered physical injuries, many or most of which continue to affect Plaintiff.

304.    As a direct and proximate result of the conduct and actions of Defendant Hutcheson, Plaintiff Michael Nelson suffered emotional distress and mental suffering at having been grabbed, pushed, attacked, tackled, yanked, battered, and beaten, which continues to affect Plaintiff.

305.    As a direct and proximate result of the conduct and actions of Defendant Hutcheson, Plaintiff Michael Nelson has suffered the loss of his ability to work and earn an income at his pre-event level.

306.    As a direct and proximate result of the conduct and actions of Defendant Hutcheson, Plaintiff Michael Nelson has lost income and incurred medical and other healthcare expenses (including in-home care provided by his wife, Plaintiff Bridget Nelson, for which she missed work) and attorney fees.

307.    As a direct and proximate result of the conduct and actions of Defendant Hutcheson, Plaintiff Michael Nelson has suffered any and/or all additional injuries set out in further detail above in this Complaint.

308.    The conduct and actions of Defendant Hutcheson also directly and proximately caused Plaintiff Bridget Nelson, and Plaintiffs' two minor daughters, H.A.N. and C.E.N., a loss of consortium with respect to their relationship with their husband and father, respectively, Plaintiff Michael Nelson.

309.  As a direct and proximate result of Defendant Hutcheson's illegal and unjustified conduct as referred to herein, Plaintiff Michael Nelson is believed to have suffered in the past and will in the future suffer and incur the following damages:

    a.  Actual, Compensatory, and Consequential Damages including, but not limited to, past, present and future pain and suffering (physical pain and mental anguish and suffering, including loss of enjoyment of life), loss of function of mind and/or body, loss of earnings and/or earning capacity, and medical and other healthcare expenses; and

    b.  Other damages as allowed by law.

310.  In addition, Plaintiff Michael Nelson has sustained and continues to suffer emotional injury as a result of the assault and battery and his resulting physical injuries.

311.  As the wife of Plaintiff Michael Nelson, Plaintiff Bridget Nelson does hereby make claim for both past and future loss of spousal consortium which resulted and will result from the injuries to her husband that were caused by Defendant Hutcheson's conduct.

312.  Plaintiffs Michael Nelson and Bridget Nelson, as the parents and next friend of their minor daughter, H.A.N., do hereby make a claim for loss of parental consortium in the past and in the future which resulted and will result from the injuries to H.A.N.'s father, Plaintiff Michael Nelson, which were caused by Defendant Hutcheson's conduct.

313.  Defendant Hutcheson's actions were willful, wanton, unlawful, and in gross disregard of Plaintiffs' rights and safety, justifying an award of punitive damages.

314.  Based on all the foregoing, the Plaintiffs have suffered a plausible, and more than plausible, an actual violation of the rights, privileges, and immunities secured by the law the

Defendant violated in this Count.  And, the law that Defendant violated, as particularly described above, was clearly established at the time of the violation alleged in this Count.

WHEREFORE, Plaintiffs Michael Nelson and Bridget Nelson pray for judgment against Defendant Hutcheson, jointly and severally with Defendants Bjoin, Townsell, Stanerson, and Wagenknecht, and/or any one or more of them, for actual damages in an amount that is fair and just, which will fully and fairly compensate Plaintiffs for all of their injuries and losses, and for punitive damages, and for attorney's fees, together with interest thereon at the maximum legal rate plus the costs of this action, and for such further relief that this Honorable Court deems just and proper under the circumstances.

## COUNT XVI

### *RESPONDEAT SUPERIOR* LIABILITY OF DEFENDANT DALLAS COUNTY, IOWA

COME NOW Plaintiffs Michael Nelson and Bridget Nelson, and for Count XVI of their cause of action against Defendant Dallas County, Iowa, state as follows:

315.    Plaintiffs replead, repeat, and reallege, as if fully set forth herein, each and every allegation in paragraphs 1 through 314, and incorporate the same by this reference.

316.    At all times material hereto, an employer-employee relationship existed between Dallas County, Iowa, as the employer, and Defendants Bjoin, Townsell, and Stanerson, as the employees.

317.    At all material times hereto, Defendants Bjoin, Townsell, and Stanerson were acting within the scope of their employment with Dallas County, Iowa.

318.    Under the doctrine of respondeat superior, Defendant Dallas County, Iowa is liable for the aforementioned conduct and/or omission of Defendants Bjoin, Townsell, and Stanerson.

319.    As a direct and proximate result of Defendants Bjoin, Townsell, and/or Stanerson's conduct and/or omissions, Plaintiffs Michael and Bridget Nelson suffered injuries and damages as previously set forth in this Complaint.

320.    As a direct and proximate result of Defendants' illegal and unjustified conduct as referred to herein, Plaintiff Michael Nelson is believed to have suffered in the past and will in the future suffer and incur the following damages:

    a.  Actual, Compensatory, and Consequential Damages including, but not limited to, past, present and future pain and suffering (physical pain and mental anguish and suffering, including loss of enjoyment of life), loss of function of mind and/or body, loss of earnings and/or earning capacity, and medical and other healthcare expenses; and

    b.  Other damages as allowed by law.

321.    In addition, Plaintiff Michael Nelson has sustained and continues to suffer emotional injury as a result of the assault and battery and his resulting physical injuries.

322.    As the wife of Plaintiff Michael Nelson, Plaintiff Bridget Nelson does hereby make claim for both past and future loss of spousal consortium which resulted and will result from the injuries to her husband that were caused by Defendants' conduct.

323.    Plaintiffs Michael Nelson and Bridget Nelson, as the parents and next friend of their minor daughter, H.A.N., do hereby make a claim for loss of parental consortium in the past and in the future which resulted and will result from the injuries to H.A.N.'s father, Plaintiff Michael Nelson, which were caused by Defendants' conduct.

324.     Defendants Bjoin, Townsell, and/or Stanerson's actions were willful, wanton, unlawful, and in gross disregard of Plaintiffs' rights and safety, justifying an award of punitive damages.

325.     Based on all the foregoing, the Plaintiffs have suffered a plausible, and more than plausible, an actual violation of the rights, privileges, and immunities secured by the law the Defendants violated in this Count.  And, the law that Defendants violated, as particularly described above, was clearly established at the time of the violation alleged in this Count.

WHEREFORE, Plaintiffs Michael Nelson and Bridget Nelson pray for judgment against Defendant Dallas County, Iowa, jointly and severally with the other Defendants, and/or any one or more of them, for actual damages in an amount that is fair and just, which will fully and fairly compensate Plaintiffs for all of their injuries and losses, and for punitive damages, and for attorney's fees, together with interest thereon at the maximum legal rate plus the costs of this action, and for such further relief that this Honorable Court deems just and proper under the circumstances.

## COUNT XVII

### *RESPONDEAT SUPERIOR* LIABILITY OF DEFENDANT CITY OF DE SOTO, IOWA

COME NOW Plaintiffs Michael Nelson and Bridget Nelson, and for Count XVII of their cause of action against Defendant City of De Soto, Iowa, state as follows:

326.     Plaintiffs replead, repeat, and reallege, as if fully set forth herein, each and every allegation in paragraphs 1 through 325, and incorporate the same by this reference.

327.     At all times material hereto, an employer-employee relationship existed between the City of De Soto, Iowa, as the employer, and Defendants Wagenknecht and Hutcheson, as the employees.

328.    At all material times hereto, Defendants Wagenknecht and Hutcheson were acting within the scope of their employment with the City of De Soto, Iowa.

329.    Under the doctrine of respondeat superior, Defendant City of De Soto, Iowa is liable for the aforementioned conduct and/or omission of Defendants Wagenknecht and Hutcheson.

330.    As a direct and proximate result of Defendants Wagenknecht and/or Hutcheson's conduct and/or omissions, Plaintiffs Michael and Bridget Nelson suffered injuries and damages as previously set forth in this Complaint.

331.    As a direct and proximate result of Defendants' illegal and unjustified conduct as referred to herein, Plaintiff Michael Nelson is believed to have suffered in the past and will in the future suffer and incur the following damages:

    a.  Actual, Compensatory, and Consequential Damages including, but not limited to, past, present and future pain and suffering (physical pain and mental anguish and suffering, including loss of enjoyment of life), loss of function of mind and/or body, loss of earnings and/or earning capacity, and medical and other healthcare expenses; and

    b.  Other damages as allowed by law.

332.    In addition, Plaintiff Michael Nelson has sustained and continues to suffer emotional injury as a result of the assault and battery and his resulting physical injuries.

333.    As the wife of Plaintiff Michael Nelson, Plaintiff Bridget Nelson does hereby make claim for both past and future loss of spousal consortium which resulted and will result from the injuries to her husband that were caused by Defendants' conduct.

334.    Plaintiffs Michael Nelson and Bridget Nelson, as the parents and next friend of their minor daughter, H.A.N., do hereby make a claim for loss of parental consortium in the past and in the future which resulted and will result from the injuries to H.A.N.'s father, Plaintiff Michael Nelson, which were caused by Defendants' conduct.

335.    Defendants Wagenknecht and/or Hutcheson's actions were willful, wanton, unlawful, and in gross disregard of Plaintiffs' rights and safety, justifying an award of punitive damages.

336.    Based on all the foregoing, the Plaintiffs have suffered a plausible, and more than plausible, an actual violation of the rights, privileges, and immunities secured by the law the Defendants violated in this Count.  And, the law that Defendants violated, as particularly described above, was clearly established at the time of the violation alleged in this Count.

WHEREFORE, Plaintiffs Michael Nelson and Bridget Nelson pray for judgment against Defendant City of De Soto, Iowa, jointly and severally with the other Defendants, and/or any one or more of them, for actual damages in an amount that is fair and just, which will fully and fairly compensate Plaintiffs for all of their injuries and losses, and for punitive damages, and for attorney's fees, together with interest thereon at the maximum legal rate plus the costs of this action, and for such further relief that this Honorable Court deems just and proper under the circumstances.

## COUNT XVIII

## LIABILITY OF DEFENDANT DALLAS COUNTY, IOWA FOR NEGLIGENT HIRING, RETENTION, TRAINING, AND SUPERVISION

COME NOW Plaintiffs Michael Nelson and Bridget Nelson, and for Count XVIII of their cause of action against Defendant Dallas County, Iowa, state as follows:

337.    Plaintiffs replead, repeat, and reallege, as if fully set forth herein, each and every allegation in paragraphs 1 through 336, and incorporate the same by this reference.

338.    At all times material hereto, Defendant Dallas County, Iowa was the employer of Defendants Bjoin, Townsell, and Stanerson.

339.    As the employer, Defendant Dallas County had a duty to exercise reasonable care in the hiring, retention, training, and supervision of individuals who, because of their employment, may pose a threat of injury to members of the public; and to develop and/or implement employment policies and procedures regarding hiring, retention, training, and supervision so that law enforcement officers would not engage in the type and pattern of conduct referred to above.

340.    Defendant Dallas County breached its duty in regards to the negligent and reckless training, supervision, and retention of Defendants Bjoin, Townsell, and/or Stanerson.

341.    Defendant Dallas County knew, or in the exercise of ordinary care should have known, of Defendants Bjoin's, Townsell's, and/or Stanerson's incompetence, unfitness, and/or dangerous characteristics or propensities.

342.    Defendants Bjoin, Townsell, and/or Stanerson's incompetence, unfitness, and/or dangerous characteristics or propensities were a cause of damage to Plaintiffs.

343.    Defendant Dallas County's negligence was a cause of Plaintiffs' injuries and damages.

344.    As a direct and proximate result of Defendant Dallas County's acts and/or omissions, Plaintiffs Michael and Bridget Nelson suffered injuries and damages as previously set forth in this Complaint.

345.   As a direct and proximate result of Defendants' illegal and unjustified conduct as referred to herein, Plaintiff Michael Nelson is believed to have suffered in the past and will in the future suffer and incur the following damages:

a.   Actual, Compensatory, and Consequential Damages including, but not limited to, past, present and future pain and suffering (physical pain and mental anguish and suffering, including loss of enjoyment of life), loss of function of mind and/or body, loss of earnings and/or earning capacity, and medical and other healthcare expenses; and

b.   Other damages as allowed by law.

346.   In addition, Plaintiff Michael Nelson has sustained and continues to suffer emotional injury as a result of the assault and battery and his resulting physical injuries.

347.   As the wife of Plaintiff Michael Nelson, Plaintiff Bridget Nelson does hereby make claim for both past and future loss of spousal consortium which resulted and will result from the injuries to her husband that were caused by Defendants' conduct.

348.   Plaintiffs Michael Nelson and Bridget Nelson, as the parents and next friend of their minor daughter, H.A.N., do hereby make a claim for loss of parental consortium in the past and in the future which resulted and will result from the injuries to H.A.N.'s father, Plaintiff Michael Nelson, which were caused by Defendants' conduct.

349.   Based on all the foregoing, the Plaintiffs have suffered a plausible, and more than plausible, an actual violation of the rights, privileges, and immunities secured by the law the Defendants violated in this Count.  And, the law that Defendants violated, as particularly described above, was clearly established at the time of the violation alleged in this Count.

WHEREFORE, Plaintiffs Michael Nelson and Bridget Nelson pray for judgment against

Defendant Dallas County, Iowa, jointly and severally with the other Defendants, and/or any one or more of them, for actual damages in an amount that is fair and just, which will fully and fairly compensate Plaintiffs for all of their injuries and losses, and for punitive damages, and for attorney's fees, together with interest thereon at the maximum legal rate plus the costs of this action, and for such further relief that this Honorable Court deems just and proper under the circumstances.

## COUNT XIX

## LIABILITY OF DEFENDANT CITY OF DE SOTO, IOWA FOR NEGLIGENT HIRING, RETENTION, TRAINING, AND SUPERVISION

COME NOW Plaintiffs Michael Nelson and Bridget Nelson, and for Count XIX of their cause of action against Defendant City of De Soto, Iowa, state as follows:

350.    Plaintiffs replead, repeat, and reallege, as if fully set forth herein, each and every allegation in paragraphs 1 through 349, and incorporate the same by this reference.

351.    At all times material hereto, Defendant City of De Soto, Iowa was the employer of Defendants Wagenknecht and Hutcheson.

352.    As the employer, Defendant City of De Soto had a duty to exercise reasonable care in the hiring, retention, training, and supervision of individuals who, because of their employment, may pose a threat of injury to members of the public; and to develop and/or implement employment policies and procedures regarding hiring, retention, training, and supervision so that law enforcement officers would not engage in the type and pattern of conduct referred to above.

353.    Defendant City of De Soto breached its duty in regards to the negligent and reckless training, supervision, and retention of Defendants Wagenknecht and/or Hutcheson.

354.    Defendant City of De Soto knew, or in the exercise of ordinary care should have known, of Defendants Wagenknecht and/or Hutcheson's incompetence, unfitness, and/or dangerous characteristics or propensities.

355.    Defendants Wagenknecht and/or Hutcheson's incompetence, unfitness, and/or dangerous characteristics or propensities were a cause of damage to Plaintiffs.

356.    Defendant City of De Soto's negligence was a cause of Plaintiffs' injuries and damages.

357.    As a direct and proximate result of Defendant City of De Soto's acts and/or omissions, Plaintiffs Michael and Bridget Nelson suffered injuries and damages as previously set forth in this Complaint.

358.    As a direct and proximate result of Defendants' illegal and unjustified conduct as referred to herein, Plaintiff Michael Nelson is believed to have suffered in the past and will in the future suffer and incur the following damages:

 a.  Actual, Compensatory, and Consequential Damages including, but not limited to, past, present and future pain and suffering (physical pain and mental anguish and suffering, including loss of enjoyment of life), loss of function of mind and/or body, loss of earnings and/or earning capacity, and medical and other healthcare expenses; and

 b.  Other damages as allowed by law.

359.    In addition, Plaintiff Michael Nelson has sustained and continues to suffer emotional injury as a result of the assault and battery and his resulting physical injuries.

360.    As the wife of Plaintiff Michael Nelson, Plaintiff Bridget Nelson does hereby make claim for both past and future loss of spousal consortium which resulted and will result from the injuries to her husband that were caused by Defendants' conduct.

361.    Plaintiffs Michael Nelson and Bridget Nelson, as the parents and next friend of their minor daughter, H.A.N., do hereby make a claim for loss of parental consortium in the past and in the future which resulted and will result from the injuries to H.A.N.'s father, Plaintiff Michael Nelson, which were caused by Defendants' conduct.

362.    Based on all the foregoing, the Plaintiffs have suffered a plausible, and more than plausible, an actual violation of the rights, privileges, and immunities secured by the law the Defendants violated in this Count.  And, the law that Defendants violated, as particularly described above, was clearly established at the time of the violation alleged in this Count.

WHEREFORE, Plaintiffs Michael Nelson and Bridget Nelson pray for judgment against Defendant City of De Soto, Iowa, jointly and severally with the other Defendants, and/or any one or more of them, for actual damages in an amount that is fair and just, which will fully and fairly compensate Plaintiffs for all of their injuries and losses, and for punitive damages, and for attorney's fees, together with interest thereon at the maximum legal rate plus the costs of this action, and for such further relief that this Honorable Court deems just and proper under the circumstances.

## COUNT XX

## LIABILITY OF ALL DEFENDANT LAW ENFORCEMENT OFFICERS FOR CIVIL CONSPIRACY INVOLVING THE ASSAULT AND BATTERY AND OTHERWISE EXCESSIVE AND UNREASONABLE USE OF FORCE

COME NOW Plaintiffs Michael Nelson and Bridget Nelson, and for Count XX of their cause of action against Defendants Bjoin, Townsell, Stanerson, Wagenknecht, and Hutcheson, state as follows:

363.    Plaintiffs replead, repeat, and reallege, as if fully set forth herein, each and every allegation in paragraphs 1 through 362, and incorporate the same by this reference.

364.    Defendants Bjoin, Townsell, Stanerson, Wagenknecht, and Hutcheson conspired with each other and/or one or more of the other officers and/or others (in any combination) to commit assault and battery against Plaintiff Michael Nelson and to otherwise use excessive and unreasonable force against him as previously described in this Complaint.

365.    Each of these Defendants participated in the conspiracy with each other and/or one or more of the other officers and/or others (in any combination).

366.    As a direct and proximate result of Defendants' acts and/or omissions, Plaintiffs Michael and Bridget Nelson suffered injuries and damages as previously set forth in this Complaint.

367.  As a direct and proximate result of Defendants' illegal and unjustified conduct as referred to herein, Plaintiff Michael Nelson is believed to have suffered in the past and will in the future suffer and incur the following damages:

      a.  Actual, Compensatory, and Consequential Damages including, but not limited to, past, present and future pain and suffering (physical pain and mental anguish and suffering, including loss of enjoyment of life), loss of function of mind and/or

body, loss of earnings and/or earning capacity, and medical and other healthcare

expenses; and

   b.  Other damages as allowed by law.

368.    In addition, Plaintiff Michael Nelson has sustained and continues to suffer

emotional injury as a result of the assault and battery and his resulting physical injuries.

369.    As the wife of Plaintiff Michael Nelson, Plaintiff Bridget Nelson does hereby

make claim for both past and future loss of spousal consortium which resulted and will result

from the injuries to her husband that were caused by Defendants' conduct.

370.    Plaintiffs Michael Nelson and Bridget Nelson, as the parents and next friend of

their minor daughter, H.A.N., do hereby make a claim for loss of parental consortium in the past

and in the future which resulted and will result from the injuries to H.A.N.'s father, Plaintiff

Michael Nelson, which were caused by Defendants' conduct.

371.    Defendants' actions were willful, wanton, unlawful, and in gross disregard of

Plaintiffs' rights and safety, justifying an award of punitive damages.

372.    Based on all the foregoing, the Plaintiffs have suffered a plausible, and more than

plausible, an actual violation of the rights, privileges, and immunities secured by the law the

Defendants violated in this Count.  And, the law that Defendants violated, as particularly

described above, was clearly established at the time of the violation alleged in this Count.

WHEREFORE, Plaintiffs Michael Nelson and Bridget Nelson pray for judgment against

Defendants Bjoin, Townsell, Stanerson, Wagenknecht, and Hutcheson, and/or any combination

of them, jointly and severally, for actual damages in an amount that is fair and just, which will

fully and fairly compensate Plaintiffs for all of their injuries and losses, and for punitive

damages, and for attorney fees, together with interest thereon at the maximum legal rate plus the

costs of this action, and for such further relief that this Honorable Court deems just and proper under the circumstances.

## COUNT XXI

### LIABILITY OF ALL DEFENDANT LAW ENFORCEMENT OFFICERS FOR AIDING AND ABETTING THE ASSAULT AND BATTERY AND OTHERWISE EXCESSIVE AND UNREASONABLE USE OF FORCE

COME NOW Plaintiffs Michael Nelson and Bridget Nelson, and for Count XXI of their cause of action against Defendants Bjoin, Townsell, Stanerson, Wagenknecht, and Hutcheson, state as follows:

373.    Plaintiffs replead, repeat, and reallege, as if fully set forth herein, each and every allegation in paragraphs 1 through 372, and incorporate the same by this reference.

374.    Defendants Bjoin, Townsell, Stanerson, Wagenknecht, and Hutcheson and/or one or more of the officers (in any combination) committed assault and battery against Plaintiff Michael Nelson and otherwise used excessive and unreasonable force against him as previously described in this Complaint.

375.    Each of these Defendants knew of the acts of assault and battery (and otherwise excessive and unreasonable force) against Michael Nelson.

376.    Each of these Defendants gave substantial assistance or encouragement to the others in the commission of these wrongs.

377.    As a direct and proximate result of Defendants' acts and/or omissions, Plaintiffs Michael and Bridget Nelson suffered injuries and damages as previously set forth in this Complaint.

378.  As a direct and proximate result of Defendants' illegal and unjustified conduct as referred to herein, Plaintiff Michael Nelson is believed to have suffered in the past and will in the future suffer and incur the following damages:

> a.  Actual, Compensatory, and Consequential Damages including, but not limited to, past, present and future pain and suffering (physical pain and mental anguish and suffering, including loss of enjoyment of life), loss of function of mind and/or body, loss of earnings and/or earning capacity, and medical and other healthcare expenses; and
>
> b.  Other damages as allowed by law.

379.  In addition, Plaintiff Michael Nelson has sustained and continues to suffer emotional injury as a result of the assault and battery and his resulting physical injuries.

380.  As the wife of Plaintiff Michael Nelson, Plaintiff Bridget Nelson does hereby make claim for both past and future loss of spousal consortium which resulted and will result from the injuries to her husband that were caused by Defendants' conduct.

381.  Plaintiffs Michael Nelson and Bridget Nelson, as the parents and next friend of their minor daughter, H.A.N., do hereby make a claim for loss of parental consortium in the past and in the future which resulted and will result from the injuries to H.A.N.'s father, Plaintiff Michael Nelson, which were caused by Defendants' conduct.

382.  Defendants' actions were willful, wanton, unlawful, and in gross disregard of Plaintiffs' rights and safety, justifying an award of punitive damages.

383.  Based on all the foregoing, the Plaintiffs have suffered a plausible, and more than plausible, an actual violation of the rights, privileges, and immunities secured by the law the

Defendants violated in this Count.  And, the law that Defendants violated, as particularly described above, was clearly established at the time of the violation alleged in this Count.

WHEREFORE, Plaintiffs Michael Nelson and Bridget Nelson pray for judgment against Defendants Bjoin, Townsell, Stanerson, Wagenknecht, and Hutcheson, and/or any combination of them, jointly and severally, for actual damages in an amount that is fair and just, which will fully and fairly compensate Plaintiffs for all of their injuries and losses, and for punitive damages, and for attorney fees, together with interest thereon at the maximum legal rate plus the costs of this action, and for such further relief that this Honorable Court deems just and proper under the circumstances.

## COUNT XXII

## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT AGAINST DEFENDANT DALLAS COUNTY, IOWA

COMES NOW Plaintiff Michael Nelson, and for Count XXII of his cause of action against Defendant Dallas County, Iowa, states as follows:

384.    Plaintiff repleads, repeats, and realleges, as if fully set forth herein, each and every allegation in paragraphs 1 through 383, and incorporates the same by this reference.

385.    At all times referred to herein, Plaintiff Michael Nelson was a qualified individual with a disability within the meaning of the ADA (42 U.S.C. §§12131, 12102).

386.    The Defendants (Defendants Dallas County, Iowa, Bjoin, Townsell, and Stanerson) knew or should have known of Plaintiff's disability(ies).

387.    At no point during the entire encounter (including the initial approach, the questioning and investigation, the attack, the restraint, and the subsequent detainment and arrest), did any of the Defendant law enforcement officers ask Plaintiff Michael Nelson about his disability or even what his disability was.

388.    None of the Defendants provided Plaintiff Michael Nelson with any accommodation(s) for his disability(ies).

389.    There were a number of alternative reasonable courses of conduct/action and reasonable accommodations available to the Defendant law enforcement officers that could have been taken and made.

390.    These alternative reasonable courses of conduct/action include, but are not limited to, asking Plaintiff Michael Nelson what his handicap and disability(ies) are, engaging in an interactive process with Plaintiff to determine how to handle the situation/encounter in light of Plaintiff's handicap and disability(ies), taking steps to de-escalate, rather than escalate, the situation/encounter (especially given Plaintiff's disability(ies)), and using non-use-of-force alternatives and/or less aggressive, forceful, and violent use-of-force methods and/or techniques, rather than the excessive and unreasonable use of force used against Plaintiff.

391.    But, the Defendant law enforcement officers did not take other alternative reasonable courses of conduct/action.  Nor did the Defendant law enforcement officers even offer, let alone provide any reasonable accommodations to Plaintiff Michael Nelson.

392.    Instead, the Defendant law enforcement officers and/or one or more of the Defendant law enforcement officers acting alone and/or together in concert used the excessive and unreasonable use of force against Plaintiff Michael Nelson as previously described.

393.    Defendant Dallas County, Iowa and the Dallas County Sheriff's Office (Department) failed to properly establish and maintain appropriate policies and procedures for handling encounters with persons with disabilities, such as Plaintiff Michael Nelson.

394.    Defendant Dallas County, Iowa and the Dallas County Sheriff's Office (Department) failed to properly train its law enforcement officers for handling encounters with persons with disabilities, such as Plaintiff Michael Nelson.

395.    Plaintiff Michael Nelson was entitled to the benefit of the lawful exercise of law enforcement/police powers, including the right not to be subjected to an unreasonable and unlawful use of force.

396.    Plaintiff Michael Nelson was excluded from participation in and/or denied the benefits of the services, programs, or activities of the Dallas County Sheriff's Office (Department), Dallas County, Iowa, and/or was subjected to discrimination by the Dallas County Sheriff's Office (Department), Dallas County, Iowa.

397.    Defendant Dallas County had a duty of reasonable accommodation in the course of its law enforcement officers' encounter with Plaintiff Michael Nelson.

398.    Defendant Dallas County breached that duty.

399.    This breach caused Plaintiff Michael Nelson to suffer greater injury and/or indignity than what would otherwise occur if Defendants would have accommodated Mr. Nelson's disability(ies).

400.    As a direct and proximate result of Defendant's acts and omissions, Plaintiff has in the past and will in the future suffer injuries as previously set forth in this Complaint.

401.    Based on all the foregoing, the Plaintiff has suffered a plausible, and more than plausible, an actual violation of the rights, privileges, and immunities secured by the law the Defendants violated in this Count.  And, the law that Defendants violated, as particularly described above, was clearly established at the time of the violation alleged in this Count.

WHEREFORE, Plaintiff Michael Nelson prays for judgment against Defendant Dallas

County, Iowa, for actual damages in an amount that is fair and just and that will fully and fairly compensate Plaintiff for all of the injuries and damages sustained by him, for appropriate equitable and injunctive relief, for attorney's fees, together with his costs, and for such further relief that this Honorable Court deems just and proper under the circumstances and consistent with the purposes of the Americans With Disabilities Act.

## COUNT XXIII

## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT AGAINST DEFENDANT CITY OF DE SOTO, IOWA

COMES NOW Plaintiff Michael Nelson, and for Count XXIII of his cause of action against Defendant City of De Soto, Iowa, states as follows:

402.    Plaintiff repleads, repeats, and realleges, as if fully set forth herein, each and every allegation in paragraphs 1 through 401, and incorporates the same by this reference.

403.    At all times referred to herein, Plaintiff Michael Nelson was a qualified individual with a disability within the meaning of the ADA (42 U.S.C. §§12131, 12102).

404.    The Defendants (Defendants City of De Soto, Iowa, Wagenknecht and Stanerson) knew or should have known of Plaintiff's disability(ies).

405.    At no point during the entire encounter (including the initial approach, the questioning and investigation, the attack, the restraint, and the subsequent detainment and arrest), did any of the Defendant law enforcement officers ask Plaintiff Michael Nelson about his disability or even what his disability was.

406.    None of the Defendants provided Plaintiff Michael Nelson with any accommodation(s) for his disability(ies).

407.    There were a number of alternative reasonable courses of conduct/action and reasonable accommodations available to the Defendant law enforcement officers that could have been taken and made.

408.    These alternative reasonable courses of conduct/action include, but are not limited to, asking Plaintiff Michael Nelson what his handicap and disability(ies) are, engaging in an interactive process with Plaintiff to determine how to handle the situation/encounter in light of Plaintiff's handicap and disability(ies), taking steps to de-escalate, rather than escalate, the situation/encounter (especially given Plaintiff's disability(ies)), and using non-use-of-force alternatives and/or less aggressive, forceful, and violent use-of-force methods and/or techniques, rather than the excessive and unreasonable use of force used against Plaintiff.

409.    But, the Defendant law enforcement officers did not take other alternative reasonable courses of conduct/action.  Nor did the Defendant law enforcement officers even offer, let alone provide any reasonable accommodations to Plaintiff Michael Nelson.

410.    Instead, the Defendant law enforcement officers and/or one or more of the Defendant law enforcement officers acting alone and/or together in concert used the excessive and unreasonable use of force against Plaintiff Michael Nelson as previously described.

411.    Defendant City of De Soto, Iowa and the De Soto Police Department failed to properly establish and maintain appropriate policies and procedures for handling encounters with persons with disabilities, such as Plaintiff Michael Nelson.

412.    Defendant City of De Soto, Iowa and the De Soto Police Department failed to properly train its law enforcement officers for handling encounters with persons with disabilities, such as Plaintiff Michael Nelson.

413.    Plaintiff Michael Nelson was entitled to the benefit of the lawful exercise of law enforcement/police powers, including the right not to be subjected to an unreasonable and unlawful use of force.

414.    Plaintiff Michael Nelson was excluded from participation in and/or denied the benefits of the services, programs, or activities of the City of De Soto Police Department, City of De Soto, Iowa, and/or was subjected to discrimination by the City of De Soto Police Department, City of De Soto, Iowa.

415.    Defendant City of De Soto had a duty of reasonable accommodation in the course of its law enforcement/police officers' encounter with Plaintiff Michael Nelson.

416.    Defendant City of De Soto breached that duty.

417.    This breach caused Plaintiff Michael Nelson to suffer greater injury and/or indignity than what would otherwise occur if Defendants would have accommodated Mr. Nelson's disability(ies).

418.    As a direct and proximate result of Defendant's acts and omissions, Plaintiff has in the past and will in the future suffer injuries as previously set forth in this Complaint.

419.    Based on all the foregoing, the Plaintiff has suffered a plausible, and more than plausible, an actual violation of the rights, privileges, and immunities secured by the law the Defendants violated in this Count.  And, the law that Defendants violated, as particularly described above, was clearly established at the time of the violation alleged in this Count.

WHEREFORE, Plaintiff Michael Nelson prays for judgment against Defendant City of De Soto, Iowa, for actual damages in an amount that is fair and just and that will fully and fairly compensate Plaintiff for all of the injuries and damages sustained by him, for appropriate equitable and injunctive relief, for attorney's fees, together with his costs, and for such further

relief that this Honorable Court deems just and proper under the circumstances and consistent with the purposes of the Americans With Disabilities Act.

## COUNT XXIV

## VIOLATION OF THE REHABILITATION ACT AGAINST DEFENDANT DALLAS COUNTY, IOWA

COMES NOW Plaintiff Michael Nelson, and for Count XXIV of his cause of action against Defendant Dallas County, Iowa, states as follows:

420.    Plaintiff repleads, repeats, and realleges, as if fully set forth herein, each and every allegation in paragraphs 1 through 419, and incorporates the same by this reference.

421.    At all times referred to herein, Plaintiff Michael Nelson was a qualified individual with a disability.

422.    The Defendants (Defendants Dallas County, Iowa, Bjoin, Townsell, and Stanerson) knew or should have known of Plaintiff's disability(ies).

423.    At no point during the entire encounter (including the initial approach, the questioning and investigation, the attack, the restraint, and the subsequent detainment and arrest), did any of the Defendant law enforcement officers ask Plaintiff Michael Nelson about his disability or even what his disability was.

424.    None of the Defendants provided Plaintiff Michael Nelson with any accommodation(s) for his disability(ies).

425.    There were a number of alternative reasonable courses of conduct/action and reasonable accommodations available to the Defendant law enforcement officers that could have been taken and made.

426.    These alternative reasonable courses of conduct/action include, but are not limited to, asking Plaintiff Michael Nelson what his handicap and disability(ies) are, engaging in an

interactive process with Plaintiff to determine how to handle the situation/encounter in light of Plaintiff's handicap and disability(ies), taking steps to de-escalate, rather than escalate, the situation/encounter (especially given Plaintiff's disability(ies)), and using non-use-of-force alternatives and/or less aggressive, forceful, and violent use-of-force methods and/or techniques, rather than the excessive and unreasonable use of force used against Plaintiff.

427.    But, the Defendant law enforcement officers did not take other alternative reasonable courses of conduct/action.  Nor did the Defendant law enforcement officers even offer, let alone provide any reasonable accommodations to Plaintiff Michael Nelson.

428.    Instead, the Defendant law enforcement officers and/or one or more of the Defendant law enforcement officers acting alone and/or together in concert used the excessive and unreasonable use of force against Plaintiff Michael Nelson as previously described.

429.    Defendant Dallas County, Iowa and the Dallas County Sheriff's Office (Department) failed to properly establish and maintain appropriate policies and procedures for handling encounters with persons with disabilities, such as Plaintiff Michael Nelson.

430.    Defendant Dallas County, Iowa and the Dallas County Sheriff's Office (Department) failed to properly train its law enforcement officers for handling encounters with persons with disabilities, such as Plaintiff Michael Nelson.

431.    Plaintiff Michael Nelson was entitled to the benefit of the lawful exercise of law enforcement/police powers, including the right not to be subjected to an unreasonable and unlawful use of force.

432.    Plaintiff Michael Nelson was excluded from participation in and/or denied the benefits of the services, programs, or activities of the Dallas County Sheriff's Office

(Department), Dallas County, Iowa, and/or was subjected to discrimination by the Dallas County Sheriff's Office (Department), Dallas County, Iowa.

433.    Defendant Dallas County had a duty of reasonable accommodation in the course of its law enforcement officers' encounter with Plaintiff Michael Nelson.

434.    Defendant Dallas County breached that duty.

435.    This breach caused Plaintiff Michael Nelson to suffer greater injury and/or indignity than what would otherwise occur if Defendants would have accommodated Mr. Nelson's disability(ies).

436.    As a direct and proximate result of Defendant's acts and omissions, Plaintiff has in the past and will in the future suffer injuries as previously set forth in this Complaint.

437.    Based on all the foregoing, the Plaintiff has suffered a plausible, and more than plausible, an actual violation of the rights, privileges, and immunities secured by the law the Defendants violated in this Count.  And, the law that Defendants violated, as particularly described above, was clearly established at the time of the violation alleged in this Count.

WHEREFORE, Plaintiff Michael Nelson prays for judgment against Defendant Dallas County, Iowa, for actual damages in an amount that is fair and just and that will fully and fairly compensate Plaintiff for all of the injuries and damages sustained by him, for appropriate equitable and injunctive relief, for attorney's fees, together with his costs, and for such further relief that this Honorable Court deems just and proper under the circumstances and consistent with the purposes of the Rehabilitation Act.

## COUNT XXV

## VIOLATION OF THE REHABILITATION ACT AGAINST DEFENDANT CITY OF DE SOTO, IOWA

COMES NOW Plaintiff Michael Nelson, and for Count XXV of his cause of action against Defendant City of De Soto, Iowa, states as follows:

438.    Plaintiff repleads, repeats, and realleges, as if fully set forth herein, each and every allegation in paragraphs 1 through 437, and incorporates the same by this reference.

439.    At all times referred to herein, Plaintiff Michael Nelson was a qualified individual with a disability.

440.    The Defendants (Defendants City of De Soto, Iowa, Wagenknecht and Stanerson) knew or should have known of Plaintiff's disability(ies).

441.    At no point during the entire encounter (including the initial approach, the questioning and investigation, the attack, the restraint, and the subsequent detainment and arrest), did any of the Defendant law enforcement officers ask Plaintiff Michael Nelson about his disability or even what his disability was.

442.    None of the Defendants provided Plaintiff Michael Nelson with any accommodation(s) for his disability(ies).

443.    There were a number of alternative reasonable courses of conduct/action and reasonable accommodations available to the Defendant law enforcement officers that could have been taken and made.

444.    These alternative reasonable courses of conduct/action include, but are not limited to, asking Plaintiff Michael Nelson what his handicap and disability(ies) are, engaging in an interactive process with Plaintiff to determine how to handle the situation/encounter in light of Plaintiff's handicap and disability(ies), taking steps to de-escalate, rather than escalate, the

situation/encounter (especially given Plaintiff's disability(ies)), and using non-use-of-force alternatives and/or less aggressive, forceful, and violent use-of-force methods and/or techniques, rather than the excessive and unreasonable use of force used against Plaintiff.

445. But, the Defendant law enforcement officers did not take other alternative reasonable courses of conduct/action. Nor did the Defendant law enforcement officers even offer, let alone provide any reasonable accommodations to Plaintiff Michael Nelson.

446. Instead, the Defendant law enforcement officers and/or one or more of the Defendant law enforcement officers acting alone and/or together in concert used the excessive and unreasonable use of force against Plaintiff Michael Nelson as previously described.

447. Defendant City of De Soto, Iowa and the De Soto Police Department failed to properly establish and maintain appropriate policies and procedures for handling encounters with persons with disabilities, such as Plaintiff Michael Nelson.

448. Defendant City of De Soto, Iowa and the De Soto Police Department failed to properly train its law enforcement officers for handling encounters with persons with disabilities, such as Plaintiff Michael Nelson.

449. Plaintiff Michael Nelson was entitled to the benefit of the lawful exercise of law enforcement/police powers, including the right not to be subjected to an unreasonable and unlawful use of force.

450. Plaintiff Michael Nelson was excluded from participation in and/or denied the benefits of the services, programs, or activities of the City of De Soto Police Department, City of De Soto, Iowa, and/or was subjected to discrimination by the City of De Soto Police Department, City of De Soto, Iowa.

451.    Defendant City of De Soto had a duty of reasonable accommodation in the course of its law enforcement/police officers' encounter with Plaintiff Michael Nelson.

452.    Defendant City of De Soto breached that duty.

453.    This breach caused Plaintiff Michael Nelson to suffer greater injury and/or indignity than what would otherwise occur if Defendants would have accommodated Mr. Nelson's disability(ies).

454.    As a direct and proximate result of Defendant's acts and omissions, Plaintiff has in the past and will in the future suffer injuries as previously set forth in this Complaint.

455.    Based on all the foregoing, the Plaintiffs have suffered a plausible, and more than plausible, an actual violation of the rights, privileges, and immunities secured by the law the Defendants violated in this Count. And, the law that Defendants violated, as particularly described above, was clearly established at the time of the violation alleged in this Count.

WHEREFORE, Plaintiff Michael Nelson prays for judgment against Defendant City of De Soto, Iowa, for actual damages in an amount that is fair and just and that will fully and fairly compensate Plaintiff for all of the injuries and damages sustained by him, for appropriate equitable and injunctive relief, for attorney's fees, together with his costs, and for such further relief that this Honorable Court deems just and proper under the circumstances and consistent with the purposes of the Rehabilitation Act.

## **JURY DEMAND**

The above-named Defendants, and each of them, are hereby notified that the Plaintiffs herein do hereby demand trial by jury on all issues presented in this Complaint triable to a jury.

**SWAIM LAW FIRM, P.L.L.C.**


By:     /s/  Justin K. Swaim
        Justin K. Swaim          AT0007788
        701 13th Street, Suite 2
        West Des Moines, IA 50265
        Telephone: 515-305-1412
        Facsimile:  515-864-0185
        E-mail: justin@swaimlawfirm.com
        ATTORNEY FOR PLAINTIFFS



Original Electronically Filed.

Copy to:

Michael and Bridget Nelson
PLAINTIFFS