UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF IOWA CENTRAL DIVISION

| | |
|---|---|
| MICHAEL JOSEPH NELSON, individually and as parent and next friend of H.A.N., a minor child, and as parent and next friend of C.E.N., a minor child; and BRIDGET SIBOHN NELSON, individually and as parent and next friend of H.A.N., a minor child, and as parent and next friend of C.E.N., a minor child,<br><br>     Plaintiffs,<br><br>v.<br><br>**BRANDON BJOIN,** individually and in his official capacity as a law enforcement officer with the Dallas County Sheriff's Office (Department); **JALEN TOWNSELL**, individually and in his official capacity as a law enforcement officer with the Dallas County Sheriff's Office (Department); **TUCKER STANERSON**, individually and in his official capacity as a law enforcement officer with the Dallas County Sheriff's Office (Department); **ALEX WAGENKNECHT**, individually and in his official capacity as a law enforcement officer with the De Soto Police Department; **CHASE HUTCHESON**, individually and in his official capacity as a law enforcement officer with the De Soto Police Department; **DALLAS COUNTY, IOWA**; and the **CITY OF DE SOTO, IOWA**,<br><br>     Defendants. | CASE NO.: 4:24-cv-426<br><br><br><br>**DEFENDANTS BRANDON BJOIN, JALEN TOWNSELL, TUCKER STANERSON, AND DALLAS COUNTY, IOWA'S, RULE 12(B)(6) MOTION TO DISMISS.** |

**COME NOW** the Defendants, Brandon Bjoin, Jalen Townsell, Tucker Stanerson, individually and in their official capacity as a law enforcement officers with the Dallas County Sheriff's Office, and Dallas County, Iowa, and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby move to dismiss all claims against them.

1

1. This action is based on Plaintiffs' claims that the Defendants used excessive force while detaining and arresting Plaintiff after the Defendants were notified by a concerned citizen that Plaintiff was driving while intoxicated.

2. Plaintiffs' Complaint alleges twenty-five separate counts against seven defendants—four of which are represented by the undersigned counsel—including claims of (1) excessive force in violation of the Fourth and Fourteenth amendments, (2) common law assault, (3) conspiracy under 42 U.S.C. section 1983, (4) common law civil conspiracy, (4) *Monell* liability under section 1983, (5) violations of the Americans with Disabilities Act (ADA) and Rehabilitation Act (RA), (6) respondeat superior under section 1983, (7) common law respondeat superior, (8) common law aiding and abetting, (9) negligent hiring, training, retention, and supervision, and (10) asserts claims for punitive damages.

3. Each of Plaintiffs' claims fail as a matter of law.

4. First, the Defendants did not utilize excessive force or assault Plaintiff. The use of force was objectively reasonable under the circumstances given Plaintiffs' threatening conduct, refusal to comply with lawful demands, and the danger Plaintiff posed to the public. Even if the force was not objectively reasonable, the Defendants are entitled to qualified immunity.

5. Second, Plaintiffs failed to plead a plausible claim of section 1983 or common law conspiracy. Plaintiffs' allegations relating to any meeting of the minds between the defendants is entirely conclusory. Such pleading fails to meet the plausibility standard required under federal law.

6. Third, Plaintiffs failed to state a plausible claim for *Monell* liability. Again, Plaintiffs

provide nothing more than a recitation of the elements to prove *Monell* liability without any further factual enhancement. Such pleading is facially deficient. And without underlying constitutional violations by municipal employees, such claims fail even if they had been adequately pled.

7. Fourth, Plaintiffs cannot recover under the ADA or RA. The law is not clearly established that either act even applies to law enforcement's conduct when executing an arrest. Even if the Acts did apply as a general matter, the law is not clearly established that an accommodation would have been reasonable in this case. And Plaintiff failed to plead that Dallas County acted with deliberate indifference.

8. Fifth, decades of clear precedent prohibit recovery for section 1983 claims under theories of respondeat superior. Even if such precedent was overturned, there is no underlying constitutional deprivation in this case.

9. Sixth, Plaintiff failed to plead a plausible claim of common law aiding and abetting because the Complaint is devoid of any allegations relating to how each officer provided sufficient aid or encouragement to constitute a substantial factor in the resulting tort. And because there was either (1) no common law assault or (2) the officers who committed the alleged assault are entitled to qualified immunity, there can be no liability for aiding and abetting.

10. Seventh, Plaintiff failed to plead a plausible claim of negligent hiring, training, retention, or supervision because the Complaint is once again merely a recitation of the claims elements, devoid of any factual enhancement. Even if the pleading were sufficient, without an underlying tort, the claim necessarily fails.

11. Eighth, Plaintiff's claim of common law respondeat superior fails due to the lack of

any underlying tort by Dallas County's employees.

12. Ninth, Plaintiffs are not entitled to punitive damages in this action.

**WHEREFORE,** the Defendants, Brandon Bjoin, Jalen Townsell, Tucker Stanerson, individually and in their official capacity as a law enforcement officers with the Dallas County Sheriff's Office, and Dallas County, Iowa, respectfully reqAuest the Court grant their Motion to Dismiss and dismiss all claims against them.

> BRANDON BJOIN, JALEN TOWNSELL, TUCKER STANERSON, and DALLAS COUNTY, IOWA,
> Defendants,
>
> By: _/s/ Jason C. Palmer_
>
> Jason C. Palmer AT0006089
> Ryan P. Tunink AT0014964
> LAMSON DUGAN & MURRAY LLP
> 6400 Westown Parkway, Suite 280
> West Des Moines, Iowa 50266
> Telephone: (515) 823-0458
> Facsimile: (515) 298-6536
> Emails: jpalmer@ldmlaw.com
>         rtunink@ldmlaw.com
>
> ATTORNEYS FOR DEFENDANTS

Original filed.

Copy to all Counsel of Record via CM-ECF

Justin K. Swaim
SWAIM LAW FIRM, PLLC
701 13th Street, Suite 2
West Des Moines, IA 50265
Telephone: 515-305-1412
Facsimile: 515-864-0185
Email: justin@swaimlawfirm.com

ATTORNEY FOR PLAINTIFFS

Douglas L. Phillips
Christopher C. White
Zachary D. Clausen
KLASS LAW FIRM
4280 Sergeant Road, Suite 290
Sioux City, IA 51106
Emails: phillips@klasslaw.com
        white@klasslaw.com
        zclausen@klasslaw.com

ATTORNEYS FOR DEFENDANTS' CITY OF DE SOTO, IOWA, ALEX WAGENKNECHT, AND CHASE HUTCHESON

---

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of the foregoing instrument was served upon one of the attorneys of record for all parties to the above-entitled cause by serving the same on such attorney at his/her respective address/fax number as disclosed by the pleadings of record herein, on Monday, April 14, 2025 by:

☐ U.S. Mail          ☐ FAX
☐ Hand Delivered      ☐ UPS
☐ Federal Express      ☒ Other: CM/ECF

/s/ *Misty Munoz*